### J. H. McLean v. Knight Stith.

Decided April 22, 1908.

**1.—Pleading—Insanity.**

Allegations of plaintiff's insanity, not being restricted to the issue of limitation plead by him, could be considered also in their bearing on the validity of a judgment and sale affecting his interest, which he was seeking to set aside.

**2.—Estoppel—Assignment of Error.**

Error in disregarding a defense based on estoppel of plaintiff, by declarations disclaiming interest, must be asserted by an assignment of error presenting such question in order to avail appellant for reversal.

**3.—Limitation—Setting Aside Judgment—Laches.**

A suit in the nature of a bill of review to set aside a judgment of foreclosure and sale of land thereunder is not barred by limitation short of four years; and the defense of laches or stale demand will not arise in less time.

**4.—Limitation—Insanity.**

Limitation does not run against an insane person.

**5.—Fraud—Insanity—Judgment and Sale—National Bank.**

Facts considered, and held to show that a judgment and sale in foreclosure were fraudulent and voidable, because obtained in a suit instituted in plaintiff's name, but without his knowledge or authority; because the sale was to a national bank shown by the judgment to have no interest in the foreclosure or in the property, and because the plaintiff in whose name the suit was brought was insane at the time.

**6.—Lis Pendens—Termination of Litigation.**

Lis pendens does not necessarily terminate upon the rendition of the judgment. Where suit to foreclose a vendor's lien was brought, and judgment recovered in the name of the holder, but without his authority or knowledge, he being insane at the time, and the property fraudulently sold under such judgment for a grossly inadequate price, one buying from the purchaser at such sale, and having knowledge of such insanity of the plaintiff, should, it seems, be treated as a purchaser *pendente lite*, taking title subject to the right of the plaintiff, against him equally as against his vendor, to have such judgment and sale set aside in an action brought for such purpose.

**7.—Judgment—Fraud—Insanity—Foreclosure Sale—Purchaser with Notice.**

A foreclosure and sale under a vendor's lien, for an inadequate price not, in fact, paid to the lienholder, who neither authorized nor knew of the suit brought in his name, being insane at the time, was fraudulently carried through for the purpose of acquiring title to the property by the purchaser at such sale. The attorney for such purchaser, who attended to having the sale and purchase made, but had not obtained the judgment nor been a party to the fraud, but who knew of plaintiff's insanity and of the inadequacy of the price afterwards purchased the land. Held, that he took title subject to the right of the plaintiff to have the judgment and sale set aside and the lien reinstated against him equally as against his vendor.

**8.—Setting Aside Sale—Refunding Purchase Money.**

One who has received none of the purchase money or benefit of a judicial sale is not bound to refund the price paid as a condition of setting it aside.

**9.—Execution Sale—Inadequacy of Price.**

When an execution sale is attacked it is not necessary to show affirmatively that the ground relied on to avoid it, in connection with inadequacy of price (insanity of plaintiff, both at the time of the judgment and sale), occasioned such inadequacy. The natural connection can be presumed.

**10.—Innocent Purchaser—Insanity.**

The right to defend, as an innocent purchaser, an action to set aside a sale on the ground of insanity questioned.

**11.—Insanity—Knowledge.**

Facts considered, and held to show knowledge on the part of the purchaser of land of the insanity of one seeking to set aside a judgment and sale in foreclosure, had on suit in his name, upon the ground of such disability.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*C. H. Miller* and *Saml. Spears,* for appellant.—The judgment in cause No. 901, and the proceedings thereunder are not void, because the record in said cause is regular on its face and affirmatively shows jurisdiction of the parties litigant and of the subject matter of the suit, and such showing is not contradicted by the record. Fleming v. Seligson, 57 Texas, 531; Murchison v. White, 54 Texas, 78; Fitch v. Boyer, 51 Texas, 344; Tennell v. Breedlove, 54 Texas, 543. For a good discussion of void and voidable judgments, see Milam County v. Robertson, 47 Texas, 231, and Crawford v. McDonald, 88 Texas, 633.

The fact, if true, that Stith was of unsound mind when suit No. 901, was brought in his name, and when the judgment was rendered in his favor, would not render the judgment void, that fact not appearing of record in that cause. Fleming v. Seligson, 57 Texas, 531; Ewing v. Wilson, 63 Texas, 90, and authorities cited; Denni v. Elliott, 60 Texas, 339; Lee v. Heuman, 10 Texas Civ. App., 668.

Suit No. 901 being upon a promissory note secured by the vendor's lien, any owner and holder of same was entitled to sue upon it and foreclose the lien, and such foreclosure proceedings would be valid and binding upon the parties to the suit, as to innocent third persons purchasing thereunder for a valuable consideration, and said third persons were entitled to rely upon the proceedings being what they purport to be. The person who appears to be the legal holder and owner may sue. Thompson v. Cartwright, 1 Texas, 37; Fowler v. Willis, 4 Texas, 47; McMillin v. Croft, 2 Texas, 399. Possession of a note is evidence of ownership. Hays v. Cage, 2 Texas, 510. Holder's possession of a promissory note presumed to be rightful. Butler v. Robertson, 11 Texas, 143. Apparent legal holder may plead note in set off, though the real interest be in another. Thomas v. Young, 5 Texas, 257. Any indorser of a note afterwards coming in possession of it shall be regarded as the bona fide holder. Dugan v. United States, 3 Wheat., 127.

If either Mrs. Maffet or the Bank had any interest in the note sued on when the suit was instituted and judgment was rendered therein, McLean holding thereunder without any notice of Stith's interest in the note sued on, the judgment and all proceedings thereunder are valid as to him. Allen v. Pannell, 51 Texas, 165; McFadden v. McGrail, 25 Texas, 73. The federal government alone can raise the question that a purchase of land by a national bank is contrary to law, and that the bank's title is on that account invalid. National Bank v. Matthews, 98 U. S., 628; National Bank v. Withers, 103 U. S., 99; Reynolds v. National Bank, 112 U. S., 412.

Fraud by the bank would not render the judgment and proceedings in cause No. 901 void, but at most only voidable. Fleming v. Seligson, 57 Texas, 531; Murchison v. White, 54 Texas, 82; Tennill v. Breedlove, 54 Texas, 543.

Insanity not being a matter of record in that suit, Stith did not bring his suit to set said judgment aside till more than two years after the removal of his alleged disability. Fleming v. Seligson, 57 Texas,

532; McAneer v. Epperson, 54 Texas, 226; Murchison v. White, 54 Texas, 86; Heidenheimer v. Loring, 6 Texas Civ. App., 570; Best v. Nix, 6 Texas Civ. App., 340.

The question of McLean's knowledge of Stith's insanity does not arise in this connection, because lis pendens operates only as constructive notice; and it is constructive notice only of that which is raised by the pleadings (Shearon v. Henderson, 38 Texas, 250); or of that only which is involved in the particular litigation (Russel v. Kirkbridge, 62 Texas, 459; Hoffman v. Blume, 64 Texas, 334; Bowman v. Kirkland, 17 Texas Civ. App., 356; Mansur v. Beer, 19 Texas Civ. App., 313).

*John C. Oatman,* for appellee.—Failure of Mrs. Maffet to speak can not be construed into a ratification of the bank's act. Glass v. Smith, 66 Texas, 548; Dodd v. Arnold, 28 Texas, 98; Wilderman v. Harrinton, 2 App. Civ. Cas. (Willson), 820; Owens v. New York & T. Land Co., 32 S. W., 1057; Woodward v. McNeil, 13 S. W., 222.

The record clearly shows that Stith was of unsound mind at the time of the institution of said suit in 1893 and at the time of rendition of the judgment in 1895, and at time of sale to the bank and by the bank to McLean in 1897, and could only sue through a regularly appointed guardian, and that whole proceeding is void for want of a proper plaintiff. Bill of Rights, sec. 19; Williams v. Warren, 82 Texas, 319; Graham v. E. Texas Land & Imp. Co., 50 S. W., 579; Smith v. Glass, 66 Texas, 548; Crawford v. McDonald, 88 Texas, 626. Judgment void for want of proper parties see: Black on Judgments, vol. 1, secs. 216-218 and vol. 2, secs. 513 and 680; Glass v. Smith, 66 Texas, 548; Parker v. Spence, 61 Texas, 155. Amounts recovered by all parties must be plainly stated. Black on Judgments, vol. 1, secs. 3 and 118; Linn v. Arambould, 55 Texas, 611; Texas & Pac. Ry. Co. v. Ft. Worth St. Ry. Co., 75 Texas, 82. Void judgment fixes no lien. Black on Judgments, vol. 1, sec. 407; Paxton v. Boyce, 1 Texas, 317. Vendee must take notice of every fact apparent on face of title. Caruth v. Grigsby, 57 Texas, 259. Vendee chargeable with notice of papers in file of cases. Paris v. Alstin, 65 Texas, 195; Dodge v. Letter, 73 Texas, 319. Where land has been sold under void judgment, all subsequent purchasers are charged with knowledge of the vice. Blagge v. Moore, 23 S. W., 406, and 26 S. W., 305. A vendee who knew or could have known by the exercise of ordinary diligence of the fraud of his vendor, not an innocent purchaser. Traylor v. Townsend, 61 Texas, 144; Garahy v. Bailey, 25 Texas Supp., 295. Where deed in vendor's chain of title retains a lien to secure notes for purchase money, the vendee is bound to enquire whether they have been paid or not. Halfin v. Winkleman, 83 Texas, 165. Where vendee can not trace his vendor's title back without ascertaining that his title is void or was obtained by fraud he is not an innocent purchaser. Everett v. Henry, 67 Texas, 402.

This being a direct proceeding to vacate a judgment for fraud it is not subject to the bar of the two years statute of limitations. As to the facts involving the insanity of Stith and the time of the institution of this suit appellant adopts the findings of the court, and I adopt

the same. Heidenheimer v. Loring, 6 Texas Civ. App., 560; Rose v. Darby, 33 Texas Civ. App., 341; McLane v. San Antonio Nat. Bank, 68 S. W., 63; Nat. Bank v. McLane, 96 Texas, 48.

FISHER, Chief Justice.—Statement of the Nature and Result of suit and Findings of Fact.

This is an action by appellee Stith in the nature of a bill of review to set aside and annul a certain judgment rendered by the District Court of Llano County, in cause No. 901 on December 18, 1895, and to set aside a sale made under an order of court based on that judgment. The judgment was predicated upon a petition wherein it is alleged that appellee Stith brings suit for himself and the use and benefit of Mrs. S. E. Maffet and the Iron City National Bank on a promissory note against Ben Collins. It is alleged that this is one of three notes given in consideration for the purchase price of a certain tract of land sold by appellee Stith to Collins, each of the notes being for $2500. A foreclosure of the vendor's lien on the land represented by the notes was prayed for, and there is an averment and prayer to the effect that Stith had, prior to that time, recovered judgment on the first of the three notes against Ben Collins, and foreclosed his lien, but no order of sale had ever been issued, and it is asked that an order of sale issue and that the land in question be sold and the proceeds arising from the sale be apportioned between the plaintiffs in cause No. 901 and the judgment formerly recovered by appellee Stith. This petition was filed on November 4, 1893, and was signed by Miller, Dalrymple and Flack, attorneys for plaintiff. As before said, judgment was rendered in this cause on December 18, 1895, providing for a recovery in favor of appellee Stith for the use and benefit of Mrs. S. E. Maffet and the Iron City National Bank on the $2500 note sued on; providing for an order of sale of the land in question, and that the proceeds be apportioned to the judgment formerly recovered by Stith and also the judgment rendered in this cause. It appears that an order of sale was issued upon the judgment rendered in cause No. 901 and the land in question was purchased by the Iron City National Bank for the sum of $155, which appears to be the amount bid, as shown by the return of the officer. This sale under the order was on July 6, 1897. Thereafter the Iron City National Bank by deed of date October 11, 1897, sold and conveyed the land in question to appellant McLean for a recited consideration of $500.

This suit was instituted by appellee Stith against Mrs. Sarah Collins, Benton Collins, Richard Collins and Francis Collins, the heirs and representatives of Ben Collins, deceased, and against T. J. Moore and W. J. Moore, the assignees of and successors to all the rights, assets and liabilities of the Iron City National Bank and Mrs. S. E. Maffet and her husband, S. L. Maffet, and J. H. McLean. These are all of the parties that had any interest in this controversy, and that were necessary to be joined in order to complete the bill, as a direct attack upon the judgment rendered in cause No. 901 and the sale made under it. Judgment was rendered in favor of appellee against all the defendants in the court below, setting aside and cancelling the judg-

ment rendered in cause No. 901, and also setting aside and annulling the sale made under the order of sale to the Iron City National Bank of the land in question, and also the deed from the Bank to the appellant McLean. Appellant McLean only from this judgment perfected an appeal.

Appellee's petition attacking the judgment and sale is somewhat confusing, but, after omitting some minor objections to the judgment attacked, we extract from it the following as the principal grounds for relief: Appellee Stith alleges that he was the owner of the tract of land in question, and sold the same to Ben Collins, deceased, for the sum of $10,000, $2500 cash and the balance in three notes of $2500 each; that when the first of these notes became due he brought suit upon it and recovered a judgment against Collins with a foreclosure of his vendor's lien on the land in question; that he was the owner of the other two notes, the second of which he endorsed to Mrs. Maffet as security for a loan of $400; that his note to Mrs. Maffet for the sum of $400, together with the note that he had endorsed to her as security for same, was deposited by Mrs. Maffet in the Iron City National Bank merely for safe keeping; that neither he nor Mrs. Maffet was indebted to the Iron City National Bank in any sum, nor did the Iron City National Bank own any interest in the note so deposited with it by Mrs. Maffet for safe keeping, but notwithstanding this, the Iron City National Bank, without the knowledge or consent of appellee Stith or of Mrs. Maffet, and without their authority, instituted the suit known as cause No. 901 in the District Court of Llano County in the name of appellee Stith and for the use and benefit of Mrs. Maffet and the Iron City National Bank; that said suit and judgment and foreclosure proceedings that followed under it, was a fraudulent scheme on the part of the Bank to acquire title to the land, and to defraud Mrs. Maffet and the plaintiff Stith. It is also averred that the Bank caused to be issued an order of sale upon this judgment, and the land to be sold and at the sheriff's sale became the purchaser for a grossly inadequate consideration. Appellant McLean is charged with notice of the fraudulent purpose upon the part of the Bank and of all the other facts which it is claimed were sufficient to entitle the plaintiff to have the judgment and sale annulled. It is also averred that neither plaintiff nor Mrs. Maffet knew of the pendency of the suit known as cause No. 901, nor of the judgment recovered nor of the sale made under it until long afterwards. It is also averred by appellee that at the time of the institution of cause No. 901, the rendition of judgment and the sale made under it and the sale to McLean and long afterwards, he was insane.

The findings of fact and conclusions of law of the trial court are as follows:

"*Findings of Fact.*—1st.—I find that on the 17th day of March, 1892, the plaintiff Knight Stith was the owner of the land described in his seventh amended original petition; it being the identical land claimed by defendant J. H. McLean through purchase from the Iron City National Bank by deed dated October 11, 1897, and being the land described in the judgment rendered in this cause, and that plain-

tiff being the owner of said land conveyed the same to Ben Collins by deed dated the 17th day of March, 1892. The said Ben Collins, vendee, paying to plaintiff, Knight Stith, therefor the sum of $2500 cash, and executed as part payment for said land his three certain promissory notes for the sum of $2500 each, due six, twelve and twenty-four months after date respectively, each note bearing interest at the rate of 8 percent per annum and providing for ten percent additional as attorney's fees, etc., if placed in the hands of an attorney for collection, each and all of said notes being secured by a vendor's lien retained on said land to secure payment thereof according to their tenor, effect and reading, and that said deed conveying said land and retaining vendor's lien to secure payment of each and all of said notes was delivered by plaintiff Knight Stith to Ben Collins and duly recorded in deed records of Llano County, Texas, and that said land was situated in Llano County, Texas, and described as set out in plaintiff's petition and defendant J. H. McLean's answer, and that there is no issue as to the identity or description of said land between plaintiff and defendant.

"2d. I find that said first note for $2500 and interest having become due and the said Ben Collins having failed to pay off and discharge the same or cause it to be done, the plaintiff, Knight Stith, as plaintiff in cause No. 836 on the docket of the District Court of Llano County, in a suit entitled "Knight Stith v. Ben Collins," instituted suit on said note and secured judgment for $2194. 74-100 dollars the amount due on said note and all costs of suit, said judgment providing for the foreclosure of the vendor's lien existing on said land to secure payment of said first note, and that said judgment was properly and legally entered upon the minutes of the District Court of Llano County, Texas, on the 26th day of May, 1893, Record Book E, page 24, after due and legal service on the defendant, Ben Collins, in that case, said judgment further providing for an order of sale that said land be sold under the terms of said judgment and the proceeds of sale applied to the payment of judgment therein rendered on the note sued on in that case.

"I find that no execution was issued on said judgment until the 19th day of July, 1895, and alias execution issued 17th of March, 1902, and pluries execution issued June 13, 1902. I find that order of sale issued but the land upon which the vendor's lien was retained was not sold to satisfy said judgment. I find that on the .... day of March, 1893, the plaintiff, Knight Stith, borrowed $400 from Mrs. S. E. Maffet, due 12 months after date, bearing 12 percent interest, and delivered to her the second note for $2500 given by said Collins, which had been executed and delivered by Collins to Stith in payment for said tract of land and which was secured by vendor's lien on same, as collateral security to secure payment by Stith to Mrs. S. E. Maffet of said $400 note.

"I find that Mrs. Maffet who was a married woman, deposited said two notes with the Iron City National Bank, a National Bank incorporated under the laws of the United States, for safe keeping in April or May, 1893, she at no time owing said Bank any sum of money

whatever, nor being guarantor for any one else at said bank for any sum of money.

"I find that said third note for $2500 had been deposited by plaintiff with the Iron City National Bank as security for some business transactions with said Bank, but that on the 4th day of November, 1893, the plaintiff owed said Bank no sum of money whatever, and said third note for $2500 and which retained a vendor's lien on said land was the property of plaintiff and no other person had any interest therein at the time judgment in cause No. 901 was rendered, and if same was in possession of said Iron City National Bank at said date that it held same on deposit in trust for the plaintiff, Knight Stith, and had no interest therein. I find that on the .... day of April, 1893, the plaintiff, Knight Stith, became of unsound mind and continued in said state of unsound mind up to the 30th of June, 1899, and during all of said time was incapable of contracting and was mentally unable to know what he was doing. I further find that subsequent to June 30, 1899, he was at many times of unsound mind and unable to understand the ordinary transactions of life up to January 1902, though he was rational at times during said latter period. During all of the other period from April, 1893, until June 30, 1899, I found him to have been of unsound mind.

"I find that the Iron City National Bank directed its attorneys to institute suit in the District Court of Llano County, Texas, on said second note for $2500 as above described, and on the 16th of December, 1895, said Bank had filed in said court a suit numbered 901 on the docket of said Court and entitled Knight Stith, plaintiff, for the use of Mrs. S. E. Maffet and Iron City National Bank v. Ben Collins. That said suit was brought to secure judgment and foreclosure of vendor's lien on the land above described for the amount of said second note then due. I find that at the date of the institution of said suit the plaintiff Knight Stith, was of unsound mind and that no guardian had been appointed for him. I find that at said date the said Knight Stith nor the said Mrs. S. E. Maffet nor either of them owed the Iron City National Bank any sum of money whatever, nor were they or either of them in any wise, obligated or responsible to said bank for any other person's obligation. I find that neither of said parties requested or authorized said Bank to institute suit on said second note in the name of Knight Stith as plaintiff for the use of said bank and said Mrs. S. E. Maffet. I find that Mrs. Maffet who was a married woman, having been informed that said bank was about to sue on said note, went to the officers of said bank and demanded possession of said second note of plaintiff's for $2500 and also her note of $400 and said bank refused to deliver said notes or either of them, and forcibly retained possession of same against her will and when said Mrs. S. E. Maffet learned that said notes had been placed in the hands of an attorney, she demanded same of said attorneys for said bank, and demanded that if any suit had been commenced on said notes that it be withdrawn. After having served said notice and demand on said bank and its attorneys, Mrs. Maffet left Llano for her home and never secured possession of said notes, nor learned or knew of any suit instituted thereon, never had any notice of same, gave no authority to bring said

suit nor knew of its existence, until this suit was filed July 5, 1902, except that some person, long after judgment rendered in cause No. 901 told her that the bank had sued on said second note. The Iron City National Bank at that time having liquidated its business affairs and had been succeeded by T. J. and W. J. Moore, defendants herein.

"I find that at the institution of said suit No. 901 said Iron City National Bank had no interest whatever in said note nor any part thereof, that it did not hold same for any security for any debt due it or to become due and that said note was the property of plaintiff Knight Stith, and at date of rendition of judgment in cause No. 901 Knight Stith did not owe said Bank any sum whatever. I find that said cause was tried and judgment secured for the sum of $3483.32 due on said note and foreclosing the vendor's lien on said land above described and providing for order of sale of the land to satisfy said judgment. I further find that said judgment in said cause No. 901 expressly finds and provides that the plaintiff, Knight Stith (same plaintiff as in cause No. 836), had procured judgment in cause No. 836 in District Court of Llano County for sum of $2194 74-100 dollars and foreclosing vendor's lien on the same land, which said judgment was then unsatisfied and a valid subsisting judgment and that there was also outstanding a third note for a similar amount also secured by vendor's lien, all of equal dignity and effect, that for that reason the judgment in cause No. 901 directed that the proceeds of the sale of the land be prorated to the payment of both judgments as no sale had been made under judgment 836 which was rendered prior to that in No. 901.

"I find that said judgment in cause No. 901 expressly recites the validity and legality of plaintiff's judgment in cause No. 836 in this court entered of record at a former term; I find that under such judgment the order of sale was issued and the land was bought in at said sale for $155 by said Bank. That it was then a national bank and had no interest whatever in the notes sued on, and that said bank at said sale became the purchaser of real estate under a judgment in which it had no interest, right or title. I find that said sum of $155 was a wholly inadequate price for said land and that it was worth at the time of said sale from $500 and $1000. I find that the order of sale was prepared by J. H. McLean, the defendant in this suit, who was then acting as attorney for said Iron City National Bank, and that said McLean attended to the legal work and advice attending said purchase by said bank under the judgment in cause No. 901. I further find that defendant J. H. McLean was not the attorney for the bank at the institution of suit No. 901, and knew absolutely nothing about the transaction except what was brought to his notice by an examination of the records in cause No. 901, and what was brought to his notice as an attorney in preparing the order of sale under said judgment and attending to the purchase by the bank as its attorney, dating from shortly prior to July 6, 1897, and that he was in no wise connected with said suit No. 901 prior thereto.

"I find that said bank had said land deeded to it by the sheriff of Llano County under sale by virtue of said judgment in cause No. 901 on the 6th day of July, 1897, and took possession of the land as its property under said deed. I find that no cash was paid at said sale,

except costs of court though said judgment in No. 901 provided for the sum realized to be prorated to cause No. 836, and I find that no sum whatever was paid on cause No. 836, and no one entitled to receive balance ever received any sum.

"I find, in addition to the judgment in cause No. 901 admitting and specifying the validity and providing for the protection of judgment in cause No. 836, that on inspection of the petition in cause No. 901 filed therein, while it is styled Knight Stith for the use of the Iron City National Bank and Mrs. S. E. Maffet, expressly alleges that Knight Stith was the owner of all the notes given for the purchase money of the land. That he had reduced the first of said notes to a judgment in said District Court on the 26th day of May, 1893; that it was a valid, subsisting and unsatisfied judgment, and that said Stith was the owner of said second note sued on and also of the third note that was not then due and was still outstanding and unsatisfied, and said petition which was on file among the papers in the case upon which judgment was rendered, also specifying the validity of Stith's judgment in No. 836, and order of sale prepared by defendant J. H. McLean, attorney for said Iron City National Bank—in no wise contained any allegation or statement of any fact that would show any right of title or interest whatever in either said bank or Mrs. S. E. Maffet to any portion of said note sued on, I find on the other hand that the petition and judgment both positively and clearly assert the sole title to be in plaintiff, Knight Stith. I find that said Iron City National Bank then sold the land in question to the defendant J. H. McLean by deed dated 11th day of October, 1897, for which defendant exchanged to said bank other lands valued at $500, and that defendant has been in possession of said lands under his deed duly recorded and paying all taxes thereon due ever since said date, having the same enclosed by wire fence. I find that prior to defendant McLean's purchase of the land from said bank he sent one Tom Moore to plaintiff to ask him where said third note was which was outstanding against the land and that said Moore told defendant McLean that plaintiff Stith said the bank owned everything.

"I find that said Moore did go to plaintiff at the request of defendant McLean and ask plaintiff where said third vendor's lien note was, and plaintiff replied that the bank owned everything. I find that said Moore was a successor of said Iron City National Bank. I find that at the time plaintiff made said statement to said Moore, that he had not recovered from his unsound condition of mind and that he was not mentally capable of transacting business affairs or anything else with any intelligence whatever.

"I find that this suit was instituted on the 5th day of July, 1902, less that four years since the rendering of the judgment in cause No. 901 on the docket of the District Court of Llano County, under which judgment the defendant J. H. McLean claims the land in controversy, after deducting the time during which plaintiff was of unsound mind, to wit, from April, 1893, to June 30, 1899. I find that after deducting the time that plaintiff was of unsound mind that the defendant, J. H. McLean, has not been in peaceable, adverse possession of the land in controversy for five years under the five years statute of limitation, prior to the institution of this suit. That he went into possession of the same

under his recorded deed on October 11, 1897, and that this suit was instituted on the 5th day of July, 1902, and that during that time the plaintiff was of unsound mind from April, 1893, until the 30th day of June, 1899, and thereafter was of unsound mind at times until January, 1902, and not competent to transact business.

"I find that Mrs. S. E. Maffet was the owner of the $400 note given by plaintiff to her and as collateral thereto he had delivered the second note of the series for which the land in controversy herein was sold— had never parted with the title to the same and at the time of this trial she has surrendered title and possession of said second note to this plaintiff, and surrenders all claim that she ever had thereto and also surrenders to plaintiff his said $400 note given by him to said Mrs. S. E. Maffet for said amount, acknowledging payment of the same in full by plaintiff.

"I find that Mrs. S. E. Maffet was never paid anything by said Iron City National Bank, that said bank wilfully and fraudulently secreted her note and refused to surrender it to her, that it was never returned to her and that she has never learned nor can she ascertain what has become of it, except that said bank retained possession of same over her protest and with no interest in it whatever.

"I find that she never knew of said suit No. 901 being instituted until after judgment obtained and then only as a rumor, and that the land had been sold without her knowledge or consent, and she had no notice thereof.

"I find that the plaintiff, Knight Stith, never knew of said cause No. 901 being on the docket of the District Court of Llano County, or of judgment rendered therein, or of sale of land thereunder, until some time in the year 1902, when he had partially recovered from his unsound condition of mind.

"I find that plaintiff, Knight Stith, is the owner of all the notes given for the purchase money of said land in controversy herein and that he is the owner of the prior judgment in cause No. 836, which is a valid, subsisting and unsatisfied judgment and that he now owns all of said notes and said judgment together with the vendor's lien existing against said land to secure payment of same, and that no other person owns any right, title or interest therein.

"I find that Ben Collins is dead and that he has left surviving him his wife Sarah Collins and three children, Benton, Francis and Richard Collins his only heirs. I find that Ben Collins was absent from the State of Texas since 1893, and has been absent ever since except about one year."

From the foregoing facts I deduce the following:

"*Conclusions of Law.*—That judgment No. 836, Knight Stith v. Ben Collins in the District Court of Llano County, wherein judgment was rendered foreclosing the lien on the land in controversy in this suit, on the 26th day of May, 1893, should be revived and said lien established and become in full force and effect, and that plaintiff Knight Stith be entitled to a judgment so declaring and decreeing that the vendor's lien existing to secure payment of said first note be foreclosed and said land be sold under order of sale of this court to satisfy said judg-

ment, protecting therein the rights given by vendor's lien on said land to secure payment of said two other $2500 notes owned by plaintiff.

"That the judgment in cause No. 901, Knight Stith for the use of the Iron City National Bank and Mrs. S. E. Maffet v. Ben Collins, is absolutely void, plaintiff being of unsound mind at the institution of same, and said bank having no authority to bring said suit and having no interest in the subject matter. That the institution of said suit by said bank was a wilful and fraudulent conversion of said note without the consent of the owner, and done with the fraudulent intent to convert and apply the proceeds thereof to its own use and benefit, and that neither plaintiff or Mrs. S. E. Maffet were parties to said suit, and that said judgment obtained thereby is void and can convey no right or title whatever.

"That said bank having no interest, directly or indirectly, in said note for any purpose, as affirmatively shown by the judgment and petition on file in said cause No. 901, the sale to it of real estate is absolutely void, it being prohibited from purchasing real estate in the transaction of its business affairs, except for certain purposes enumerated by law, and the judgment clearly showing that no such purchase was made in that case.

"That the judgment in said cause No. 901, and the sale made thereunder should be canceled and set aside as a cloud upon plaintiff's title to said land and his right to foreclose his said lien in cause No. 836, as aforesaid.

"That defendant McLean, although he was not advised as to the fraudulent acts and conduct of said Iron City National Bank in fraudulently converting plaintiff's property to its own use and benefit, was in law compelled to take notice of the judgment in cause No. 901 when he, as attorney for said bank, prepared the order of sale and directed the legal steps consummating said sale to said bank under said judgment. And said judgment expressly providing for the protection of plaintiff's rights in a prior judgment No. 836, foreclosing a lien on the same land, and for the protection of the third note similarly secured, was sufficient notice to defendant of plaintiff's rights therein and would demand of him an inspection of the papers in said cause wherein the petition disclosed plaintiff's sole title to said note and no interest to the same, whatever, in said bank. That the plaintiff having been of unsound mind from April, 1893, until June 30, 1899, the statutes of limitation would not run against him.

"That the defendant McLean having acted as attorney for said bank in its attempted purchase of plaintiff's land and preparing the order of sale issued therein, in law was put upon notice of plaintiff's rights and title to said land and could not claim to be an innocent purchaser for value.

"That plaintiff being the owner and holder of all rights under said three notes given for the purchase money of said land, and being at the time of this trial the exclusive owner of them all, is entitled to elect to have his vendor's lien foreclosed to secure payment of his original judgment in cause No. 836, and at the same time let the judgment of foreclosure provide that order of sale provide that proceeds should be

prorated to the payment of said other two notes, if any other holder there be, the third note having been lost or stolen from plaintiff.

"That defendant is entitled to judgment against all of the defendants, foreclosing his lien on all the land to secure payment of his judgment in cause No. 836, for order of sale to satisfy same, and for judgment canceling and setting aside all proceedings had in cause No. 901 and canceling deed by the Iron City National Bank to the defendant J. H. McLean and for all costs of suit.

"That should it be held that said judgment in cause No. 901 aforesaid is only voidable and not absolutely void, then that it was obtained by fraud and deception and the illegal acts of said Iron City National Bank with intent to defraud plaintiff and Mrs. S. E. Maffet out of their just rights, and can and should be set aside for such fraud, and the suit having been instituted within the four years, after deducting the time of plaintiff's unsound condition of mind, should be set aside; that the defendant, J. H. McLean, though having no notice of such fraud on the part of the bank, directly or indirectly, by participation therein, yet the law would impute notice to him by reason of the acts and steps he took in the procedure in said cause No. 901 as the attorney for said bank, and said judgment being voidable only, could be set aside as to him as well as to said bank."

*Opinion.*—Before reaching the principal question upon which we dispose of this appeal, we desire to say that, in some respects, the petition upon which appellee went to trial is not altogether definite, but there are no assignments of error complaining of the action of the court in overruling appellant's demurrers. The petition in the main states a cause of action, and if it was subject to objections, they must be considered as waived, because not brought forward in appellant's brief.

We do not agree with appellant that the averments of the plaintiff's petition on the question of insanity can only be considered on the issue of limitation. The averments do not expressly confine the insanity to this question, and it is broad enough to permit the court to consider appellee's insanity for all purposes for which this question could be considered in a case of this nature.

We also notice the fact that the question suggested by the evidence of the appellant McLean, that when he purchased from the bank he relied upon the statement made by Stith that the bank owned the Collins notes, is not presented by an assignment of error. In other words, appellant does not claim by an assignment that appellee Stith would be estopped to assert the fact that the bank did not own the notes when he, McLean, purchased. As to this question, however, the court found that the statement so made by Stith was at a time when he was not mentally responsible.

At this stage we will dispose of the questions of limitation raised by appellant. The remedy here invoked, so much of it as is in the nature of a bill of review to set aside the judgment, as well as the remedy to set aside the sales made to the bank and by it to McLean, is only barred within four years (Stewart v. Robbins, 27 Texas Civ. App., 188; Rose v. Darby, 33 Texas Civ. App., 341) and limitation would not operate against appellee, a lunatic, until his sanity was restored. Fleming v.

Secligson, 57 Texas, 532; Brown v. Rentfro, 57 Texas, 333; Denni v. Elliott, 60 Texas, 339.

The findings of fact of the trial court are, in the main, supported by the evidence, but in order to affirm the judgment we are not required to approve the findings in every respect, nor is it required that we should agree to the legal conclusion reached by the court below that the judgment rendered in cause No. 901 was void. Nor is it necessary in reaching a conclusion favorable to appellee, that we should base our action on the same grounds and for the same reasons given by the trial court. But there are three facts which are conclusively and definitely settled by the findings which have ample support in the evidence: First. That the cause of action in No. 901 was instituted by the Iron City National Bank without the knowledge and consent of appellee Stith and Mrs. Maffet; and that the Bank had no interest or right in the note sued upon in that case, and that the judgment procured in that case partially in favor of the bank was a fraud upon the rights of appellee, and was therefore, voidable. Second. That the bank purchased the land in question at sheriff's sale under this fraudulent judgment for an inadequate consideration, and paid nothing in discharge of the judgment owned by Stith, and that neither Stith nor Mrs. Maffet received any benefit from that sale, that they neither had any knowledge of the judgment or sale of the property until about the time stated by the court in its findings of fact. Third. That appellee Stith, during all of this time and at the time of the sale by the Bank to appellant McLean, and long afterwards, was insane, and had no notice or knowledge that his right to the property in question was affected by a judgment or sale made under it, or of the conveyance by the bank to McLean.

It is difficult at times to determine just when lis pendens ceases, as there is no arbitrary rule by which this fact can be measured, but if under the peculiar facts of this case, considering the insanity of Stith and the absence of notice of the fraudulent suit and judgment, and the fact that the vice in the judgment could not have been reached by appeal or writ of error, and the inability and incapacity of Stith to act in order to protect his rights be of any force in keeping alive the controversy, then as authority for affirmance of judgment against McLean we might rest upon the cases of Debell v. Foxworthy, 9 B. Mon., 228; Earle v. Couch, 3 Metcalf (Ky.), 454-5; McClarey v. Marshall's Heirs, 4 Dana, 96 (cited with approval in 60 Texas, 564); Benedict v. Auditor General, 104 Mich., 271-2; Cook v. French, 96 Mich., 528, 530; Smith v. Bruns, 72 Miss., 969; Marks v. Cowles, 61 Ala., 299; Harle v. Langdon's Heirs, 60 Texas, 564; Cordray v. Heuhaus, 61 S. W., 415 (writ of error refused); Glaze v. Johnson, 65 S. W., 663, and Wicks v. Odom, 74 Texas, 212, although McLean may have for value purchased from the bank without notice of the facts which would have authorized appellee to set aside the judgment in a proceeding for that purpose. These cases proceed upon the principle that when a party to a judgment purchases at a sale thereunder at a time when the judgment was subject to reversal or review by a proceeding for that purpose, his title terminates upon the destruction of the judgment, and this result can not be affected by the fact that a sale by such party had been made to an innocent purchaser. Judge Freeman, in sec. 347 of vol. 3, (3d

ed.), of his work on Executions, upon this subject says: "But surely, all persons are chargeable with notice of the law, and hence of the times within which appeals may be perfected or writs of error prosecuted, and that the title held by the plaintiff is subject to destruction by the reversal of the judgment upon which it rests. Public policy does not require that third persons shall purchase this title, or if they do so, that they shall acquire it free from the risks upon which he held it, and we believe the better opinion is that any purchaser from the plaintiff necessarily receives the title subject to the conditions under which it was held by him."

In some of the cases cited the ruling was applied to sales made under judgments which on appeal or error were reversed, and in others where the judgment was vacated by a proceeding in the nature of a bill of review, but we need not enter upon the debatable ground whether these cases will apply to the facts of this case, or to the remedy which the plaintiff has invoked for his relief, for there is another ground upon which the judgment may be affirmed, and one which, in our opinion, is conclusive.

The trial court found that the purchase by the bank at the sheriff's sale was based upon a grossly inadequate consideration, and it appears from the facts that neither appellee Stith nor Mrs. Maffet received any of the proceeds of that sale, and the sheriff who made the sale, in effect, testified that no money was received by him, except an amount sufficient to cover the costs. It is apparent from this that the bank reaped whatever benefit and profit resulted from the sale of the land. The trial court did not expressly find that the bank was aware of the insanity of Stith, but it is clear from the evidence that it must have known this fact, or if such was not the case, the want of knowledge was not essential in order to set aside the sale upon a proper suit brought for that purpose by appellee. As to this question, the case of Houghton & Robinson v. Rice, 15 Texas Civ. App., 561, is decisive. Same case, 40 S. W., 349 and 1057. A writ of error was refused in this case. A discussion of the grounds or a statement of reasons why the appellee would be entitled to set aside the sale would be a mere repetition of what we said in the case referred to. Therefore, we are content with merely a reference to that decision for the reasons that would justify setting aside the sale as to the bank.

This being true, how does the matter stand with reference to the right of appellant McLean? It appears from his own evidence that at the time he purchased from the bank he owned a part of the land in question and was familiar with its condition and its value. He does not dispute the finding of fact of the trial court to the effect that the bank purchased for a grossly inadequate consideration; and upon this subject there is no greater disproportion between the amount bid by the bank and the real value of the land than there was in the cases of Johnson v. Crawl, 55 Texas, 573, and Kaufman & Runge v. Morriss, 60 Texas, 121, both of which are cited in Houghton & Robinson v. Rice, There is evidence justifying the conclusion that while he was not attorney for the bank in cause No. 901, he was attorney for the bank when he prepared the return of the officer on the order of sale. There is no express finding of the trial court that McLean knew at the time

Vol. L. Civil—22.

of his purchase and at the time that the bank purchased that appellee Stith was insane, but the facts in the record could justify no other conclusion but that McLean had knowledge or notice that Stith's mind was affected. They lived in the same town together, and it appears were well acquainted and had during that period, business transactions; and McLean was in as good position to acquire knowledge of Stith's insanity as any of the witnesses who, without contradiction, have testified to that fact. There is no dispute upon the question of insanity, and there can be no question, in our opinion, but that McLean must have known that fact. In other words, what we have said in the case of Houghton & Robinson v. Rice upon this subject is applicable here in discussing the phase of the case that affects McLean's rights.

We can assume for the purpose of disposing of this case that McLean had no notice or knowledge whatever of any fraud practiced by the bank in obtaining its judgment, but he must have known at the time that he purchased that the circumstances under which the bank purchased, coupled with the gross inadequacy and the insanity, would entitle the appellee to set aside the sale made to the bank. If he knew of the facts and circumstances that would justify the assertion of this right, he would take his title subject to the action that might be instituted by the appellee to avoid this sale. In others words, under the facts of this case he occupies no better attitude than did the bank, so far as affects the right of appellee to have the sale set aside.

Under the ruling announced in Houghton & Robinson v. Rice and Williams v. Sapieha, 94 Texas, 433, there is nothing in the facts of this case that would require appellee to refund any of the purchase price of the land paid, either by the bank or McLean. The appellee in neither instance received any of the proceeds or any benefit from those sales.

This ruling having eliminated McLean's supposed title, and there being no appeal by any of the other parties to the judgment, we find no error in the judgment of the trial court, and it should be in all things affirmed,—that is, vacating and setting aside the judgment rendered in cause No. 901, and reviving the old judgment formerly obtained by Stith, and in setting aside the sale made to the bank and by the bank to McLean.

*Judgment Affirmed.*

OPINION ON REHEARING.

Delivered June 17, 1908.

1. Lis pendens does not necessarily terminate upon rendition of judgment, but may continue for a reasonable time thereafter to perfect appeal or remedy to set it aside; and this, as to time, must depend upon the facts of the particular case. 2 Pom. Eq. (2d. ed.), secs. 634 to 641; 21 Am. & Eng. Encyc. L., 2d ed., 618, 619 and note 3.

2. As additional authorities on the question that the four years statute of limitation applies, we cite Cetti v. Dunman, 64 S. W., 789, writ of error refused; McCampbell v. Durst, 40 S. W., 317; San Antonio National Bank v. McLane, 96 Texas, 48. When an action is

instituted to set aside a sale within the period prescribed by law, laches has no application; and if, in the face of such a statute, any effect can be given to a rule that requires such suits to be instituted within a reasonable time after sale, or the time that the same could have been discovered or was discovered, such time should, by analogy, be held to the period prescribed by the statute. Garvin v. Hall, 83 Texas, 295; Storer v. Lane, 1 Texas Civ. App., 257. In New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 616, this court in effect, said, that if the law prescribes a period of limitation in which an action may be brought, the statute will govern, and laches and stale demand will not apply, and for this ruling cites cases mentioned in the opinion. A writ of error was refused. If the statute has prescribed a period of limitation in which a party is entitled to sue to set aside a judgment or sale under it, we fail to appreciate the reason for a rule that will abrogate or control such statute by shortening the time for suit, on the ground that the plaintiff did not act within a reasonable time.

3. A prayer for general and special relief will authorize a judgment setting aside a sale. Garvin v. Hall, 83 Texas, 301.

4. A purchaser who has notice of a fact that will avoid the title of his grantor accepts the risk of having his title defeated. Milby v. Regan, 16 Texas Civ. App., 355; Snow v. Hawpe, 22 Texas, 171; Ayres v. Duprey, 27 Texas, 603; Marks v. Cowles, 61 Ala., 305.

5. When an execution sale is attacked it is not necessary to show affirmatively that the ground relied upon to avoid it in connection with inadequacy of price occasioned such inadequacy, the natural connection can be presumed. Weaver v. Nugent, 72 Texas, 279.

6. The mental capacity or incapacity of Stith was not an issue settled by the fraudulent judgment obtained by the bank, but was a fact that existed at the time of the sheriff's sale; and as it was generally known that he was mentally incapacitated, that fact could and should be considered as deterring bidders, and as causing, to some extent, the gross inadequacy of price for which the land was sold. Crosby v. Bannowsky, 95 Texas, 449.

7. Searcy v. Hunter, 81 Texas, 647, holds that the right of a minor to disaffirm or set aside a sale made by him when a minor, can not be defeated on the ground that his vendee has sold for a valuable consideration the property to an innocent purchaser. Query: Why should not the same rule apply when a conveyance executed by an insane person is sought to be set aside?

8. We repeat that the principle decided in Houghton & Robinson v. Rice, 15 Texas Civ. App., 562 to 569, and the reasons there stated are peculiarly applicable to this case. Rice was insane and his property was sold under execution for an inadequate consideration, without substantial benefit to him, at a time when he had no representative present to protect his interests. The principle decided was that as the sale was essentially unfair to him, and he being a lunatic, that was sufficient ground for setting it aside.

In this case the sale to the bank, under the facts as found by the trial court and stated by this court, was for a grossly inadequate consideration, and from which Stith received no benefit. Therefore, it was

as to him, essentially unfair; which fact, coupled with his insanity, would be sufficient ground upon which to base a suit for setting aside such sale. McLean, when he purchased from the bank, must have known of the existence of the facts that would authorize Stith, as against the bank, to set the sale aside. He was familiar with the land and its value, and knew that the bank had purchased it for a grossly inadequate consideration; and if, under such a state of facts, the absence of knowledge of the insanity of the party whose land is sold, could in any case operate as a defense to a purchaser from the one who purchased at execution sale, such a rule should not apply in this instance, because there could be no question but that McLean knew of the mental incapacity of Stith. He and McLean were attorneys living in the town of Llano and were well acquainted, and during the period of insanity had business transactions together; and the insanity was so well known in the community that it is unreasonable to suppose that McLean did not know or hear of it. The town of Llano where they resided is a comparatively small place, and it is not likely that one of the attorneys there located who had become insane could conceal that fact from his brother attorneys, and that they would not become aware of his condition. Houghton & Robinson, v. Rice, supra.

The insanity of Stith was an important issue in the trial of the case, and McLean testified in person at the trial, and whilst he had the opportunity to do so, he did not deny the fact that he possessed knowledge of the mental condition of Stith. His testimony shows that he was well acquainted with Stith during that time, or part of it, at least, and he says: "At that time I knew Mr. Stith had been complaining, but at that time he was very sprightly, so far as I could see." This could be taken as an admission that he knew of Stith's condition, and also as an expression of his opinion that at the time preceding his purchase from the bank Stith appeared to be sprightly. Without going further than this admission, it is sufficient to fix upon McLean a knowledge of the condition of Stith; and, when we consider the testimony of other witnesses, that condition is shown to be one wanting in mental capacity.

*Motion overruled.*

Writ of error refused.