## PANHANDLE CONST. CO. et al. v. CASEY.
### No. 4023.

Court of Civil Appeals of Texas. Amarillo.
June 28, 1933.

On Rehearing Oct. 11, 1933.

Rehearing Denied Jan. 8, 1934.

Rob't A. Sowder, of Lubbock, for appellants.

Glover Johnson and McLean, Scott & Sayers, all of Fort Worth, for appellee.

MARTIN, Justice.

Certificates of special assessment for street improvements were issued to appellant Panhandle Construction Company, a corporation, by the city of Clarendon against certain property of appellee, who is described therein as "the true owner thereof." Subsequent to their date of issuance, suit was brought thereon by said appellant against appellee and others as owners of such property. This suit was filed August 28, 1930. At the next term of the district court of Donley county, on October 14, 1930, judgment by default was taken against appellee and her codefendants on said certificates with the foreclosure of the lien therein granted against certain Clarendon property. Order of sale was issued on November 4, 1930, and said property duly sold thereunder on January 6, 1931, at which time one Homer D. Grant became the purchaser thereof on his bid of $600, recited to have been paid. This amount being insufficient to satisfy the judgment, execution was thereafter issued for the deficiency against appellee and duly levied on her Fort Worth property on July 10, 1931.

On July 27, 1931, she filed suit in the district court of Donley county to vacate the judgment of October 14, 1930, and for an injunction restraining the sale of her Fort Worth property. Her petition alleged the invalidity of the assessment because it was one in gross against her individually as the sole owner of the property, whereas she only owned an undivided interest, and she further alleged that she had never been served with citation prior to the judgment by default against her of October 14, 1930. We deem other allegations of her petition immaterial, in view of the disposition we make.

The answer of appellants was a general denial and that about the 1st day of December, 1930, appellee was advised that a judgment against her had been rendered and that her property would be sold on January 6, 1931, and that she took no action to set aside the judgment nor restrain the sale until the 27th day of July, 1931, and thereby "she is guilty of such laches and estopped as to prevent her from setting aside the judgment." Other allegations are made to show the expenditure of money for court costs by appellant corporation in the sale of the Clarendon property.

The case was submitted upon the following special issues:

"Special Issue No. 1. Was any citation and copy of petition in cause No. 1709 in this Court delivered to Mary Jane Casey prior to October 4, 1930? Answer yes or no."

Answer: "No."

"Special Issue No. 2. At the time of the death of the Mother of Mary Jane Casey did she leave any children other than Mary Jane Casey, surviving her? Answer yes or no."

Answer: "Yes."

"Special Issue No. 3. Have such children other than Mary Jane Casey, if you have found that there were such other children, deeded or conveyed their interest in lots 3, 4, 5, and 6 in Block 84 of the town of Clarendon to Mary Jane Casey? Answer Yes or No."

Answer: "No."

All answers being favorable to appellee, judgment was accordingly entered for her as prayed for.

We are met at the threshold of this case with the contention that the evidence for appellee is insufficient under the rules laid down in cases of this character to sustain the finding of the jury that no service of citation was had upon appellee prior to the judgment of October 14, 1930. These rules, in so far as they affect the present controversy, may be briefly summarized as follows:

(1) Such evidence must be clear and satisfactory and an officer's return on the citation showing service may not be impeached by the testimony of one witness unless strongly corroborated by other evidence; (2) such corroborating evidence must come from other sources than the witness whose testimony requires corroboration; (3) the corroborating evidence may consist of facts and circumstances tending to show that the direct evidence to be corroborated is worthy of credit; but is not required to be direct and positive. Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731, and authorities there cited.

Making application of these rules here, we find that appellee's testimony, as a whole, plainly is that she was never served with citation, though she became somewhat confused on cross-examination. She admitted service of the notice of the execution sale. The conclusion seems justified, we think, that the confusion in her testimony arose over her lack of understanding of the difference in the two or the questions pertaining to these. Whatever corroboration there is here of her testimony comes principally from the officers who handled the citation alleged to have been served upon her. Such instrument was issued and dated at Clarendon, Tex., August 28, 1930. A letter from the attorney for appellants to the sheriff of Tarrant county inclosing process to be served on appellee was dated August 30, 1930, and was mailed either at Clarendon by the clerk or at Lubbock by appellant's attorney. The sheriff's return shows it was received August 28, 1930, at 5 o'clock p. m., and served at 7 a. m., September 3, 1930, and that the officer traveled ten miles in making service. Testimony further is that mail is delivered at the sheriff's office at Fort Worth for the first time each day in the morning at about 8:45 to 9 o'clock and that appellee lives about two miles from the courthouse. The officer signing the return of service testified positively that he served appellee at her home, but his testimony as a whole and the admitted facts justified the jury in disbelieving him. A record kept by the sheriff shows the citation to have not been received in Fort Worth until September 3, 1930. This must have been at about 9 o'clock a. m. We make note of the following significant facts:

. (1) The original suit was not filed until August 28, 1930, and the letter transmitting the citation is dated August 30, 1930, but the citation appears to have come into the hands of the serving officer hundreds of miles away on the same day it was issued and two days before the date of the letter forwarding it and five days before the record of the sheriff's office shows it reached Fort Worth.

(2) The appellee lived two miles away and was served where she lived, yet the return shows ten miles traveled in serving the citation and a charge for such mileage. That the return on its face is false in part is shown by the evidence beyond any doubt.

The facts and circumstances adduced in connection with the purported service of this citation were such, in our opinion, as tend strongly to support the claim of appellee that she was never in fact served and appear to us to sufficiently meet the test laid down above.

The case of Randall v. Collins, 58 Tex. 231, is emphasized as supporting, in its facts, the contention of appellants herein. We infer from the recited facts of this case that the judgment debtor had died prior to the trial of the case and no direct testimony was given of the nonservice of citation upon him. Apparently the testimony only of the officers was relied on. We are not able to agree with appellants that this case furnishes a precedent for their contention.

The court's charge places the burden of proof upon the appellee to establish by a preponderance of the evidence the negative of the following issue: "Was any citation and copy of petition in cause No. 1709 in this Court delivered to Mary Jane Casey prior to October 14, 1930?"

It is insisted that a charge is erroneous which authorizes such a finding upon a mere preponderance of the evidence. It is true that the evidence upon this issue must be "clear and satisfactory," but the use of such and similar language in a charge has been frequently condemned. Walker v. Dawley (Tex. Civ. App.) 4 S.W.(2d) 159; Reinhardt v. Nehring (Tex. Com. App.) 291 S. W. 873; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442.

The charge, in our opinion, gave appellants all they were legally entitled to in this particular matter. To go further and elaborate upon the quantum of proof would unduly emphasize it and infringe upon the rule against charging on the weight of the evidence.

It is finally insisted that, since appellee had knowledge of the pendency of the suit about December and took no steps to have the judgment set aside until the following July, during which time appellant corporation expended money in court costs of a sale, she is guilty of laches and is estopped and such issue should have been submitted to the jury.

Mere knowledge of the pendency of the suit would not, in our opinion, place any duty to act upon appellee. She had a right to rely upon the terms of article 2050, R. S., 1925, which provides: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law."

See, also, Swearingen v. Swearingen, supra.

The term of the district court at Clarendon had ended before December, 1930. The judgment of October 14, 1930, specifically recites service of citation upon appellee and was, of course, binding upon her until set aside in a direct proceeding. Therefore, the remedy of appeal by writ of error would not have availed her anything after the adjournment of the term, in view of the specific recital of service of citation noted above. The knowledge of the judgment having come to her after the term ended, she pursued the only remedy open to her, but waited until

the following July. There does not appear here, in our opinion, any facts which raise either of the defenses mentioned above. She was guilty of no act either of commission or omission that would make the ordinary period of limitation yield to the equitable defenses noted above or justify the submission of a charge of negligence as claimed by appellant. $600 in cash was apparently paid to appellant at the sale of the property in question under a judgment based on an invalid assessment. That the assessment in question was invalid under the evidence and finding of the jury in this case is, we think, well settled. Uvalde Rock Asphalt Co. v. Lyons (Tex. Civ. App.) 289 S. W. 202; City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170; City of Ennis v. Telfair (Tex. Civ. App.) 22 S.W.(2d) 327; Scanlan v. Gulf Bitulithic Co. (Tex. Com. App.) 44 S.W.(2d) 967, 80 A. L. R. 852.

On September 11, 1930, the attorney for one of the appellants wrote to the attorney for appellee concerning the collection of the paving certificates in question. The contents of this letter were placed before the jury, with the exception of the following clause: "However, these matters appear from the petition, of which you have a copy." Exclusion of this by the trial court is made the basis of appellants' fifth assignment of error, it being claimed that it tended to prove notice to appellee of the pendency of the suit and its self-serving character was therefore immaterial.

It would, if brought to the appellee's attention unquestionably tend to show this, but assuming that it did, or that such fact was conclusively proven, would this constitute a defense? We think not, for the reasons already stated. This is an entirely different matter from the issue of whether or not appellee had knowledge of the rendition of a judgment during the term at which it was rendered so as to require her to take some step during such term to set same aside. If this last question was a proper legal issue here, we would have an entirely different matter before us. Since in our opinion mere knowledge of the pendency of a suit would constitute no defense, the fifth assignment is overruled.

The judgment is affirmed.

### On Motion for Rehearing.

In its motion for rehearing appellant presents for the first time the contention that fundamental error appears on the face of the record in this case in that the parties to the judgment under attack, and which was annulled in this proceeding, were not parties to appellee's present suit to have same set aside.

An examination of the pleadings of appellee and the judgment rendered herein discloses that neither the codefendants of appellee in the judgment under attack, nor the purchaser of the property in question, were made parties to the suit, though the existence of each of these is disclosed by the two instruments mentioned.

"A bill in equity for relief against a judgment should join as defendants all persons really and beneficially interested in the judgment * * * including * * * persons claiming or acquiring interests in the property affected by the judgment." 34 C. J. 485, § 759.

"Where judgment is recovered against two or more as joint defendants all should join as plaintiffs in an action to enjoin its enforcement, or be joined as defendants in accordance with general rules in equity." 34 C. J. 484, § 758.

See, also, 25 Tex. Jur. 653 § 234; Basham v. Holcombe (Tex. Civ. App.) 240 S. W. 691, and authorities there cited; Williams v. Nolan, 58 Tex. 708; Rone v. Marti (Tex. Civ. App.) 244 S. W. 639, 640; Bonner v. Pearson (Tex. Civ. App.) 7 S.W.(2d) 930.

Such defect of parties constitutes fundamental error. Dial v. Martin (Tex. Civ. App.) 8 S.W.(2d) 241.

Appellee's prayer in part is "that upon hearing of this cause the judgment in cause No. 1709 be cancelled and set aside * * * and that the sale of the aforesaid lots * * * be set aside." The judgment rendered reads, in part, "that the judgment in cause No. 1709 * * * heretofore rendered in this court * * * be * * * cancelled, annulled and forever for naught held." "It is further ordered that plaintiff * * * take nothing herein as respects her prayer for cancellation of the sheriff's deed * * * to Homer D. Grant." There is another recitation dismissing "her cause of action" for cancellation of the sheriff's deed.

The pleadings disclose that Homer D. Grant was the purchaser of the property at sheriff's sale under the judgment attacked by appellee and set aside by the court. One of his muniments of title was on the face of the judgment thus destroyed. McLean v. Stith, 50 Tex. Civ. App. 323, 112 S. W. 355; South Texas Lumber Co. v. Burleson (Tex. Civ. App.) 178 S. W. 961.

If appellee desired to cancel this judgment, she should either have brought all parties to and those materially and directly affected by it into court or alleged a valid excuse for her failure to do so. On the face of the record here, appellee's codefendants in the judgment canceled were necessary parties. If facts exist which excuse their nonjoinder, these should have been alleged.

Motion for rehearing granted and judgment reversed and cause remanded.