### J. W. Jackson et al. v. Jesse Mumford's Executor.

#### No. 6286.

1.　**Practice.**—Where the trial is without a jury and testimony is admitted which is only relevant upon one of several issues, the presumption will be entertained that the court only gave to the testimony its proper consideration upon the limited purpose to which it was competent.　If trial should be before a jury the purpose of the testimony should be restricted by the charge.

2.　**Transactions with a Deceased Party.**—Depositions were taken of a defendant under the statute without notice.　Among other matters the defendant was asked concerning transactions between him and the testator of plaintiff, to which defendant was unable to answer without reference to his books, which were twenty miles distant from where he was required to answer, the notary refusing to allow him to obtain the books in order to make his answers.　*Held*, that upon the trial, the defendant having shown sufficient excuse for not giving details in his depositions, was entitled to give them when on the stand as a witness.　It was error to exclude the testimony.

3.　**Suit to Redeem by Executor.**—In a suit to establish a trust in a tract of land and to redeem it, it is the proper practice, on ascertaining that there is money owing upon the land, to ascertain the amount and certify the claim to the Probate Court.

4.　**Accounting in a Suit to Redeem Land.**—The correct rule would be:

1.　To ascertain the value of permanent and beneficial improvements made by the defendants, or how much the land was enhanced in value by the improvements.

2.　Allow to defendants what is due and unpaid with interest.

3.　Charge the defendants with the value of the use and occupation of the premises and (in this case) the money the defendants had received from the sale of part of the land.

Appeal from Bell.　Tried below before Hon. W. A. Blackburn.

The opinion states the case.

*Monteith & Furman*, for appellants.—1.　The court erred in permitting plaintiff, over objections of defendants, to introduce in evidence certain deeds and other instruments in writing.　[See opinion.]　Belverman v. State, 16 Texas, 130; Reeves v. State, 7 Ct. App., 286; Cotton v. Campbell, 3 Texas, 493; Withee v. Fearing, 23 Texas, 503; Warren v. Wallis, 42 Texas, 472; Horton v. Reynolds, 8 Texas, 284; McDow v. J. W. Rabb, 56 Texas, 154; Moody & Jamison v. Gardner, 42 Texas, 411; Donley v. Bush, 44 Texas, 1; Harris v. State, 1 Ct. App., 75; Gonzales College v. McHugh, 26 Texas, 677; Johns v. Northcut, 49 Texas, 444; Neill v. Keese, 5 Texas, 23; Chamblee v. Tarbox, 27 Texas, 139; Thurmond v. Trammell, 22 Texas, 257; Wheelock v. Wright, 38 Texas, 496.

2.  The court erred in refusing to allow J. W. Jackson to further testify explaining the time and manner in which he made the payments to Jesse Mumford of the $1985, the consideration in the deed of March 2, 1882; and in refusing to allow Daniel McKay to state what he knew of the transaction between Mumford and Jackson and McKay, including what he knew of the payment of any money or other property to Mumford by them, and the execution of the deed by Mumford and wife to Jackson and McKay, when plaintiffs had in the first instance called said J. W. Jackson as their own witness to testify in relation to said matters; and when the plaintiff was relying upon secondary and hearsay and circumstantial evidence to establish their cause, to which ruling defendants excepted.   Rev. Stats., art. 2249.

3.  The court erred in rendering judgment in favor of W. S. Jones, administrator of the estate of Jesse Mumford, deceased, against Daniel McKay, J. W. Jackson, and G. W. Jackson for the 1032 acres sued for, less the 100 acres recovered by Benjamin F. Brown and wife, because it appears from the evidence that said land, for a full and valuable consideration paid to Jesse Mumford by J. W. Jackson and Daniel McKay, was conveyed by a good and valid deed, dated March 2, 1882, to said Jackson and McKay by said Mumford and wife, and the possession thereof immediately delivered to McKay and Jackson and by them still retained; and the court erred in finding that the conveyance so made was a mortgage or otherwise invalid, and in this class of cases it devolves on the plaintiff to prove his case by clear and conclusive evidence.   Coles v. Perry, 7 Texas, 109; Moreland v. Barnhart, 44 Texas, 283; Meade v. Randolph, 8 Texas, 191; Miller v. Thatcher, 9 Texas, 482; McIlhenny v. Floyd, 10 Texas, 159; Cuney v. Dupree, 21 Texas, 211; Groom v. Rust, 27 Texas, 231; Calhoun v. Lampkin, 60 Texas, 189; Pierce v. Fort, 60 Texas, 464, 471; Peters v. Clements, 46 Texas, 114; Thompson v. Chumney, 8 Texas, 389; Games v. Exchange Bank, 1 Law Rep., 477; Pierce v. Traver, 13 Nev., 526; Bingham v. Thompson, 2 Nev., 237; Van Wirt v. Chidester, 31 Mich., 209; Tilden v. Streeter, 45 Mich., 533; Johnson v. Van Velson, 43 Mich., 214; McMillen v. Bissell, 5 W. Rep., 707; Franklin v. Roberts, 2 Ire. Eq., 560; Stein v. Sherk, 1 Watts & Serg., 201; Lance v. Lehigh & Wilkesbarre Coal Co., 3 Cent. Rep., 624; McNamara v. Culver, 22 Kans., 661–68; Hensley v. Habaling, 41 Cal., 26; Roberts v. Wear, 40 Cal., 636; Crane v. Buchanan, 29 Ind., 570; Voss v. Eller, 7 W. Rep., 365; Inhabitants of Reading v. Inhabitants of Weston, 8 Conn., 117; S. C., 20 Am. Dec., 97; Karney v. McComb, 16 N. J. Eq., 189; Howland v. Blake, 97 U. S., 624; Kent v. Lasley, 24 Wis., 654; Harrison v. Junean Bank, 17 Wis., 340; Harter v. Christoff, 32 Wis., 246; McLelland v. Sandford, 26 Wis., 595; Trieber v. Andrews, 31 Ark., 163; Williams v. Cheatham, 19 Ark., 278; McKinstry v. Conley, 12 Ala., 678; Sewell v. Price, 32 Ala., 97; Brantley v. West, 27 Ala., 542; Purrington v. Akhmost, 74 Ill., 490;

Magunson v. Johnson, 73 Ill., 156; Price v. Karnes, 59 Ill., 285; Brinington v. Campbell, 60 Ill., 516; Hartnet v. Ball, 22 Ill., 43; Hancock v. Hooper, 58 Ill., 447; Jones on Chattel Mort., secs. 22, 27, 28, 32; 3 Starkie Ev., sec. 1019; Genn. Ch. Pr., sec. 465, and cases cited; Jones on Mort., secs. 260, 263–276; Thornburgh v. Baker, Lead. Cases Eq., 873; Story's Eq. Jur., sec. 152.

4.    The court erred in not finding that G. W. Jackson was an innocent purchaser for a valuable consideration without notice, and in not adjudging to him a decree to the land purchased by him, it appearing from the evidence that he had bought from J. W. Jackson and Daniel McKay 337 acres of the tract in controversy, paying valuable and sufficient consideration therefor, immediately taking possession thereof, and making valuable and permanent improvements thereon; and the estate of Jesse Mumford, deceased, is estopped from the prosecution of this suit by the acquiescence of Jesse Mumford in his lifetime.    Sartain v. Hamilton, 12 Texas, 219; Dorn v. Dunham, 24 Texas, 366; Sellman v. Lee, 55 Texas, 322; Hill v. Spear, 48 Texas, 583; Miller v. Moss, 65 Texas, 186; Moore v. Curry, 36 Texas, 668; Cooke v. Bremond, 27 Texas, 457; Pierson v. Tom, 1 Texas, 577; Shearon v. Henderson, 38 Texas, 245; Flanagan v. Oberthier, 50 Texas, 379; Barnes v. Jamison, 24 Texas, 362; Hardy v. Broaddus, 35 Texas, 668; Steele v. Renn, 50 Texas, 468; Titus v. Johnson, 50 Texas, 224; Sydnor v. Roberts, 13 Texas, 598; Hawley v. Bullock, 29 Texas, 219; Hannay v. Thompson, 14 Texas, 145.

5.    The defendant G. W. Jackson having been shown by the evidence to have had adverse possession of 337 acres of the premises in controversy in good faith for a period of more than one year next before the commencement of this suit, and to have made valuable and permanent improvements thereon, should have had judgment for their value.    Rev. Stats., art. 4813, *et seq.;* 2 Wash. on Real Prop., p. 229; Balinger v. Chouteau, 20 Mo., 89; Exton v. Greaves, 1 Vern., 138; McConnell v. Hollowbush, 11 Ill., 61; Neale v. Hagthorpe, 3 Bland, 590; Mickles v. Dillaye, 17 N. Y., 80; Bradley v. Snyder, 14 Ill., 263; Cazenove v. Cutler, 4 Met., 246; McSorley v. Larissa, 100 Mass., 272; Mix v. Hotchkiss, 14 Conn., 432.

6.    A mortgagor who has surrendered to the mortgagee possession of the mortgaged premises is required to tender in court the amount due the mortgagee on the mortgage before he is entitled to a judgment for the recovery of the mortgaged premises, or if the amount due is doubtful must offer to pay the same into court upon the ascertainment of the amount thereof; and it is error for a District Court to render judgment awarding to a mortgagor immediate possession of the mortgaged premises and relegating the mortgagee to the County Court for the payment of the amount found to be due the mortgagee on the mortgage, to be paid in due course of administration.    Hannay v. Thompson, 14 Texas,

142; Jones v. Porter, 29 Texas, 456; Caldwell v. Fraim, 32 Texas, 326, 327; Calhoun v. Lumpkin, 60 Texas, 185; Duke v. Reed, 64 Texas, 714, 715.

No brief for appellee came to Reporter.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by W. S. Jones as administrator of the estate of Jesse Mumford, deceased.   The land in controversy is 1032 acres out of the Jesse Mumford headright league.

The petition charges that defendants assert a claim to the land under a pretended deed purporting to have been made by said Jesse Mumford and his wife Eldora Mumford to defendants J. W. Jackson and Daniel McKay on the second day of March, 1882; that said deed purports to have been executed in consideration of the sum of $1985 paid the grantors, but in fact it was executed as a mortgage to secure the payment of a debt owing at the time by said Jesse Mumford to said Jackson and McKay, or to one of them, not exceeding the sum of twelve hundred dollars, loaned by said Jackson and McKay to said Jesse Mumford about the first day of September, 1881.

Plaintiff avers that if the evidence is insufficient to show that the deed was intended as a mortgage, it ought still in equity be held one, because at and long before the date of its execution said Jesse Mumford was an old, infirm, and weak man, both mentally and physically, embarrassed by debt and pressed by creditors; that his wife was also weak minded and incompetent; that defendants Jackson and McKay were well aware of the condition of the Mumfords and fully enjoyed their confidence.

That the land at the time said deed was executed was worth not less than ten thousand dollars; that no money was paid to Mumford at the date of its execution, the only consideration being an antecedent indebtedness; that said Jackson was then the agent and confidential adviser of said Mumford, and said McKay was an old Texas veteran, neighbor, and their pretended friend, and being such said Jackson and McKay fraudulently combined to overreach and cheat the said Jesse Mumford and Eldora Mumford out of said land, and in pursuance of that purpose procured the execution of said deed by them; that the annual rental value of the land is five hundred dollars; that Jackson and McKay have sold part of the land and appropriated the proceeds, as well as the rents of the unsold land, in all amounting to more than Mumford's indebtedness to them; that the other defendants are chargeable with notice of all of said facts.

Plaintiff prays that either the deed be declared a mortgage, or be declared void for inadequacy of consideration and fraud in obtaining it, and that he recover the land, etc.

The defendant Benjamin F. Brown answered, claiming one hundred

acres of the land, described by metes and bounds, purchased by him under Jackson and McKay by warranty deed for a valuable consideration and without notice, and he also pleaded not guilty, and improvements in good faith.

The defendants J. W. Jackson, Daniel McKay, and George Jackson answered by demurrers, general and special, and by general denial, and also pleaded the statute of limitations of three years, possession in good faith, and valuable improvements.

The cause was tried without a jury, and the judgment of the court was in favor of Sampson Harrison on his disclaimer and in favor of Benjamin Brown for 100 acres as an innocent purchaser for a valuable consideration, and against J. W. Jackson, Daniel McKay, and G. W. Jackson for 932 acres of land, crediting claim of J. W. Jackson and Daniel McKay with $1100 received from Eads and Whittington, and giving judgment against plaintiff for $885 with eight per cent interest from and after the day the writ of possession is executed, and the same was a charge upon said land to be paid in due course of administration.

Plaintiff was permitted to read in evidence over the objections of defendants twelve deeds, ten of them between Jesse Mumford and other parties, and two to which Jesse Mumford was not a party directly but that had relation to his land and some of the other deeds.

Some of the ten deeds had relation to the land in controversy and some to different land owned by Mumford.

Three of the twelve deeds were transactions between Mumford and J. W. Jackson, one of the defendants in this suit. None of the defendants were parties to the remaining nine deeds.

The deeds from Mumford were all in the form of absolute conveyances of the title with general warranty; the deeds to him were reconveyances of the property in the same form. The deeds between other parties were conveyances by Mumford's vendees of the property while it was in their names by the same form of conveyance, the last vendees subsequently reconveying the property to Mumford.

There was evidence conclusively showing that all of said deeds, though absolute in form, were in fact but securities for debts of Mumford.

On the issue that the deed from Mumford to Jackson and McKay for the land in controversy was a mortgage, we think the deeds to which Jackson was a party were properly admitted in evidence as circumstances to be considered in arriving at the true nature of the transaction in connection with other evidence. But we do not think that the deeds between Mumford and other parties are admissible or proper to be considered on this issue.

On the other hand, upon the issue of Mumford's mental incapacity we are not prepared to say that his habit of executing absolute deeds to secure debts, instead of mortgages, the usual and prudent form of such

transactions, was not a proper subject for proof, or that any of said deeds as they tended to establish such habit ought to have been excluded on the ground assigned or because they were irrelevant.

If the cause had been on trial before a jury we think the court on the objections made to the introduction of the deeds should have by its charge limited their effect as above indicated.

As the cause was tried without a jury we may presume that the court gave the evidence only such effect as it deserved.

The record does not contain the judge's conclusions of law or fact.

The consideration named in the disputed deed was nineteen hundred and eighty-five dollars. It was claimed that Mumford then owed Jackson about twelve hundred dollars, and as affecting the question whether the transaction was a sale or a mortgage of the property it was made a question of fact whether the consideration named in the deed was really paid.

Plaintiff, proceeding under our statute without notice, took the deposition of defendant J. W. Jackson, which he introduced as evidence.

Among other things included in his deposition Jackson testified: "I loaned Jesse Mumford $1200 on September 1, 1881, and took a deed of trust on part of the Jesse Mumford league in Bell County, Texas. Daniel McKay loaned me some money on August 31, 1881, which I used in this trade. It was intended that the deed dated September 1, 1881, should be security for the $1200 I loaned him on that date. The deed of March 2, 1882 (which is the deed now in controversy), from Mumford and wife to McKay and myself is correct. I have the original. I let Mumford have money at different times on this purchase; can't state dates and amounts without reference to my books. I have not my book with me; it is at home. I was not expecting to have to answer this question to-day. I remember paying him once or twice in the presence of his wife, and once I paid money to Doc Simmons for him. This deed was not considered by Mumford or myself as security for the money I had loaned Mumford to pay Wiley & Porter. The money loaned Mumford was part of the consideration for this deed. I have carefully examined the deed from J. W. Jackson to Jesse Mumford, dated February 27, 1882. The land purporting to be conveyed therein is the land in controversy and the same land subsequently conveyed to Jackson and McKay by Mumford and wife. I executed this deed to Mumford in consideration of his making a deed to 1032 acres of land to Daniel McKay and myself. This deed was delivered to Mumford at the time he delivered the deed to McKay and myself. He did not owe me anything when I delivered the deed to him. I owed him at that time on the 1032 acres of land; don't remember the exact amount. I paid some debts for Mumford, but can't itemize them without my book."

On the trial he testified in person: "I was here in Belton when sum-

moned to answer the interrogatories. I wanted to get my books in order to answer fully and itemize as requested, but Mr. Tarver insisted that I should answer them at once. I live twenty miles from Belton, and my books were not accessible. I have my books with me now and can give dates and items as inquired about in said interrogatories."

While being examined as a witness by his own counsel Jackson was asked to State the manner and circumstances of the payment of the nineteen hundred and eighty-five dollars consideration named in the deed to himself and McKay, but was not allowed to answer the question on plaintiff objecting that he being a defendant could not testify in this cause to a transaction between himself and plaintiff's intestate. As a general rule this decision was correct. Unless made a witness by plaintiff he had no right to testify at all about his transactions with Mumford. But when plaintiff elected to make him a witness on the point it was his right to explain the whole transaction and tell as well what was in his favor as what was against him. It was proper for him to do so when being examined under the commission, but having offered a satisfactory reason why he could not then go into all of the details he should have been permitted to do so at the trial, his evidence being then confined to the issues upon which he had been already examined.

There was no error in excluding the evidence of the defendant McKay on the same subject, he not having been made a witness by plaintiff.

The judgment was in favor of plaintiff for the recovery of all of the land, less one hundred acres particularly described, awarding him a writ of possession. It further recited that defendants J. W. Jackson and Daniel McKay having received from the sale of the one hundred acres not adjudged to plaintiff the sum of eleven hundred dollars, they should recover of plaintiff the further sum of eight hundred and eighty-five dollars, with interest at the rate of eight per cent per annum from and after the day of the execution of the writ of possession, and that the same should be a charge upon the land until paid by plaintiff in due course of administration.

Appellants complain that the court treating their deed as a mortgage relegated them to the County Court instead of itself requiring the amount due upon the mortgage to be brought into court. They also complain that the court did not allow them compensation for permanent and valuable improvements placed on the land.

Treating the deed as a mortgage we do not think the court erred in establishing the amount due on the mortgage as a lien upon the land to be enforced in the due course of administration. When the suit to redeem is prosecuted by an administrator for the benefit of his intestate's estate the same rule in this respect does not apply as does when the litigants are claiming in their own right.

The court seems to have set the use of the property off against interest

and the value of improvements. The correct rule would have been, we think, to have ascertained the value of permanent and benefical improvements by defendants, or rather how much such improvements had enhanced the value of the premises recovered, and have allowed such value and legal interest on the amount due defendants with such unpaid amount to defendants, and to have charged them with the value of the use and occupation of the premises and the money they had received from the sale of part of the land.

As the case will be reversed and another trial had we think it improper and unnecessary to discuss other assignments of error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 21, 1889.