## KENT v. JOHNSON et ux.
### No. 3113.

Court of Civil Appeals of Texas. El Paso.
Jan. 17, 1935.

Rehearing Denied Feb. 7, 1935.

E. G. Moseley, R. B. Humphrey, and Allen & Allen, all of Dallas, for appellant.

D. W. Bowser, of Dallas, for appellees.

WALTHALL, Justice.

Appellant, as administrator of the estate of L. F. Kent, brought this suit, in trespass to try title, against appellees, J. M. Johnson and wife, to recover title and possession to certain real estate in Dallas county, Tex., fully described in the petition. Appellees answered by general denial and plea of not guilty. They further answered by a cross-action in which they set up title in themselves by reason of the facts stated. In appellees' cross-action the heirs of the deceased, L. F. Kent, were not made parties to the suit. The suit was tried without a jury. The trial court heard the evidence and entered judgment that appellant administrator take nothing by his suit, and that appellees have judgment for the title and possession of the property in controversy. The court further entered judgment on appellees' cross-action expressly divesting the title and possession of the real estate out of appellant administrator and vesting same in appellees.

Appellant duly prosecutes this appeal.

### Opinion.

Appellees concede error in the judgment vesting title in them on their cross-action, the heirs not having been made parties, and submit that this court should sustain the judgment of the trial court in the portion of the judgment that appellant take nothing by this suit and enter the judgment the court should have entered on the issues presented in trespass to try title.

The administrator of the estate was entitled to sue to recover the title and possession of the land belonging to the estate adversely claimed by appellees without the joinder of the heirs. Jackson v. Mumford, 74 Tex. 104, 11 S. W. 1061; East v. Dugan, 79 Tex. 329, 15 S. W. 273; Schmidtke v. Miller, 71 Tex. 103, 8 S. W. 638; 14 Tex. Jur., p. 336, par. 552, and notes. It is only where the suit is affirmatively brought against the estate of the decedent involving the title to real estate that heirs are necessary parties. We think the judgment of the trial court may be here corrected so as to eliminate that portion of it rendered for appellees under their cross-action, and sustain the portion of it rendered on the issue of trespass to try title, if the evidence justifies such judgment.

The deceased, L. F. Kent, was the common source of title. Appellees undertook to establish title in themselves by evidence tending to show the deceased was a bachelor, living alone, and, being in poor health, proposed to appellee J. M. Johnson, his cousin, that if he (Johnson) and his wife would move to deceased's house (the land involved here) and care for him as long as he lived, deceased would give and turn over to appellees the property in controversy.

It is well settled that notwithstanding the requirements of the statute of frauds, a parol gift of real estate will be enforced in

equity upon the establishment (1) of a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor. Davis et ux. v. Douglas, 15 S.W.(2d) 232 (Tex. Comm. App.) and cases there cited.

The evidence establishes the above facts. We need not restate the evidence.

In view of the above, the other propositions become unimportant. We have considered them and they are overruled.

With the above correction in the judgment, the case is affirmed.