**GARZA et al. v. DE LEON et al.**

No. 2668.

Court of Civil Appeals of Texas. Waco.

April 4, 1946.

Chas. T. Haltom, of San Antonio, for appellants.

Loughridge & Edwards, of San Antonio, for appellees.

TIREY, Justice.

Plaintiffs brought this suit for partition of Lot 62, Block 3, City Block 6233, in San Antonio, Texas, and for certain personal property not pertinent here. The cause was tried to the court without the aid of a jury and upon conclusion of the evidence the court took the matter under advisement and thereafter found against all plaintiffs and the defendant, Angelina de Leon, a minor, and found in favor of Carlota Garza de Leon on her cross-action and awarded the title and possession of said property aforesaid to her. All of the plaintiffs and the minor, acting through her guardian ad litem, excepted to the judgment, but only the plaintiffs perfected their appeal. No request for findings of fact and conclusions of law were made and none was filed.

Appellants first point is: "The court committed reversible error in not requiring cross-plaintiff to plead more fully the facts of the purported resulting trust, or, specifically, the error of the court in overruling the special exceptions set out in Plaintiffs' First Supplemental Petition." We overrule this contention.

Defendants (Carlota) in their first amended original answer and cross-action, specially pleaded substantially that the property in question belonged to her "absolutely" and that the title thereto was taken in the name of her mother, Petrolina B. de Garza, at the time of its purchase as a matter of convenience because such defendant was at that time a minor; that such property was purchased from Santiago Botello and wife, Francisca P. Botello, on May 16, 1933, for the sum of $300, which sum of money belonged to and was the property of defendant, Carlota Garza de Leon, and had been entrusted to her said mother because said defendant was about thirteen years of age at the time, and further that "under the circumstances hereinabove set forth, there resulted a trust in favor of the said defendant, and she is the real owner thereof; and that neither the plaintiffs nor defendant, Angelina de Leon, have any interest therein." In her cross-action against all parties plaintiffs and defendant minor, she alleged among other things: "That heretofore, to-wit, on or about May 16, 1933, Santiago Botello and wife, Francisca P. Botello, executed and delivered a deed conveying Lot 63, Block 3, NCB 6233 in the City of San Antonio, Texas, to Petrolina B. de Garza, the mother of cross-plaintiffs and all of the cross-defendants except Angelina de Leon, who is her granddaughter; that the consideration for such conveyance was the sum of $300.00 and the money so paid therefor was the property of and belonged to the cross-plaintiff Carlota Garza de Leon, who at the time of such transaction was a minor thirteen years of age; that such funds belonging to the said cross-plaintiff was the full and complete consideration for such conveyance. That by reason of the aforesaid facts, there resulted a trust in favor of cross-plaintiff Carlota Garza de Leon in such property and that she is the real owner thereof, and that the aforesaid cross-defendants who are asserting some character of claim to such property have no interest whatsoever therein." She prayed for title and possession. Plaintiffs, in their first supplemental petition, in paragraph (1), denied the allegations of the first amended answer and cross-action, except (a) the date the property was deeded to Petrolina B. de Garza; and (b) that Petrolina B. de Garza is the mother of plaintiffs and all of the defendants except Angelina de Leon, a minor. These exceptions from (a) through (f) assail the defendants' pleading substantially on the ground that it did not state whether the trust was in writing or parol; that it did not specifically state how Carlota acquired the $300, nor how the money was paid, nor the date the alleged trust should end; nor state the reason why Carlota never required her mother to deed the property to her when she married or when she reached her twenty-first birthday; nor did said pleading state whether Petrolina ever admitted that she was holding the land in trust for Carlota.

■■ We overrule these contentions for two reasons: (1) "In drafting a pleading the ultimate rather than the evidentiary or primary facts should be alleged * * *." 33 T. J. pp. 436, 437, par. 22, and collation of authorities. See also: Taylor v. Catalon, Tex.Civ.App., 155 S.W.2d 965, points 8 and 9; Richards v. Frick-Reid Supply Corporation, Tex.Civ.App., 160 S.W.2d 282, points 5 and 6. (2) It is obvious that said special exceptions were not filed in due order of pleading, in that the general denial preceded the special exceptions. See Rules 80 and 81, Texas Rules of Civil Procedure.

■ Point 2 assails the judgment because the court did not find that the cross-plaintiffs were guilty of laches. Plaintiffs attempt to raise such issue by special exception in their amended pleading and then plead as a defense that defendants "are guilty of laches in asserting her claim to all of said property, and therefore said claim should be denied." The special exception was not good for the reason we have heretofore stated. The issue thus presented by plaintiffs' pleading is an affirmative defense to the defendants' right to recover the property, or it may be called a plea in bar. Rule 94, Texas Rules of Civil Procedure. It follows that plaintiffs had the burden of establishing such defense by a preponderance of the evidence. Since the trial court rendered judgment for Carlota, it follows that the trial court was of the opinion that the plaintiffs had not discharged their burden. We have considered the evidence carefully and we see no reason to disturb the judgment in this behalf. Wright v. O'Neal, Tex.Civ.App., 161 S.W. 2d 348, points 2-3, p. 350, and for collation of authorities. See also La Force v. Bracken, Tex.Civ.App., 163 S.W.2d 239; Hardin v. Abbey, 57 Tex. 582; 27 T.J. pp. 22, 30 and 33.

■ Point 4 is substantially to the effect that the court committed reversible error

because he permitted Carlota Garza de Leon, over their objection, to testify to certain transactions she had with Petrolina B. de Garza in contravention of Art. 3716, Rev.Civ.Stats. We overrule this contention. It is without dispute that Petrolina purchased this property from Sántiago Botello (not a party to this suit). He testified to the effect that he was a first cousin of Petrolina and that she stated to him that the money paid to him by her for the property was the proceeds of a life insurance policy on one of her daughters, and that the money belonged to Carlota Garza de Leon. Alfredo Botello (not a party to the suit) testified to the effect that he was a brother of Petrolina and that he bought the property for her with her money and that Petrolina told him that the money belonged to Carlota.

"Q. Did she say she was buying the property with this money that Carlota got from the insurance policy, or did she say that the money belonged to Carlota? A. It was Carlota's, of course, the check had come in her name. * * *

"Q. Did I understand you to say that Petrolina Garza said that Carlota had loaned her the money to buy this property, is that right? A. Petrolina told me that with that money of Carlota's she wanted me to buy the property for her to live on."

A. B. Crawford (not a party to the suit) testified substantially to the effect that he was associated with the National Life & Accident Insurance Company of Nashville, Tennessee, and that their records revealed that in 1933 his company paid to Carlota Garza, as beneficiary, the sum of $288.00, the insured being Josefa Garza. We think such testimony (independent of Carlota's) is ample to sustain the judgment rendered by the court. Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493.

 Assuming, without deciding, that the trial court did err in admitting the testimony of Carlota, the general rule is "that when a cause is tried before the court without a jury, the admission of illegal evidence is not cause for reversal when there is sufficient legal testimony to justify the court's finding." Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W.2d 648, point 10, p. 652, and authorities therein collated, affirmed 138 Tex. 450, 159 S.W. 2d 854.

 However, we think the plaintiffs waived in part their objection to Carlota's

testimony with reference to her having transactions with her mother. The deed from Botello to Petrolina B. de Garza, conveying the property in question, was tendered in evidence. That deed, in part, provided: "To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Petrolina B. de Garza, a widow, as her separate property, her heirs and assigns forever * * *." The only transaction that Carlota had with her mother to which she testified on direct examination was:

"Q. I will ask you, did the insurance company pay you the money as the beneficiary in the policy on the life of Josefa Garza? A. Yes. I turned the check, the money, over to mother. * * *

"Q. Was that money used to buy the property in question? A. Yes."

Carlota was not interrogated on direct examination about any conversation she had with her mother concerning the provisions of the deed. Plaintiffs' counsel, on cross-examination, cross-examined her in part as follows:

"Q. Can you explain why your mother put the title to that property, had the title put in as her own separate property; did she ever explain that to you? A. She said all the time she wanted to put it in her name because of my age."

The rule is: "* * * if on cross-examination facts are elicited from the witness about which he has not been interrogated no complaint could be made of such testimony * * *." Stanley v. Stanley, Tex.Civ.App., 139 S.W.2d 876, point 7 on page 880; 14 T.J. 329, sec. 544; Adam v. Adam, Tex.Civ.App., 127 S.W.2d 1001, points 3-4 on page 1003; Jackson v. Jones, 74 Tex. 104, 11 S.W. 1061, point page 1062; Jones-O'Brien, Inc. v. Loyd, Tex.Civ.App., 125 S.W.2d 684, points 9-10 on page 690 (writ dismissed). For latest discussion of the rule and for collation of authorities, see opinion by Mr. Justice Folley of our Supreme Court in Hall v. Collins, Tex.Civ. App., 151 S.W.2d 338, writ refused. Moreover, since Carlota sought to recover the property in question by imposing a trust thereon and not by virtue of heirship, her testimony was not precluded by Article 3716, Rev.Civ.Stats. See Porter v. Rogers, Tex.Civ.App., 293 S.W. 577, point 4, writ refused; Lassiter v. Bouche, Tex.Com. App., 14 S.W.2d 808.

Believing that no reversible error was committed by the trial court and that the evidence is sufficient to sustain the judgment rendered, the judgment of the trial court is affirmed.