Ardale Madeline DENBO, Appellant,

v.

Samuel E. BUTLER, Appellee.

No. 16479.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 15, 1975.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

John L. Pierce, II, Navasota, for appellee.

PEDEN, Justice.

Ardale Madeline Denbo filed this suit to contest the will of her deceased sister, Betty Butler, in the Grimes County Court, pleading only the issues of undue influence and testamentary capacity. The will was admitted to probate, and Mrs. Denbo appealed to the district court, where a jury found that the decedent possessed testamentary capacity and that her will was not procured by undue influence of the proponent, Sam Butler, her surviving husband. Judgment was again entered in favor of the proponent, and the contestant has perfected this appeal.

Appellant's first point of error is that the trial court erred in excluding the testimony of Dora Winslow, who was a surviv-

ing sister of the decedent and of the contestant, in response to an objection based on Article 3716, Vernon's Ann.Texas Civil Statutes, the Dead Man's Statute. That statute provides:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Mrs. Winslow was one of the contestants of the will in the county court, but her appeal to the district court was dismissed because she failed to file an appeal bond.

Appellant argues first that Mrs. Winslow's testimony was improperly excluded because she was not one of the parties within the meaning of Art. 3716. This statement now found at 19 Tex.Jur.2d 56 was cited with approval in Whatley v. Whatley, 169 S.W.2d 989 (Tex.Civ.App. 1943, writ ref.) :

". . . the term 'parties' embraces not only parties of record, but also all persons who have a direct and substantial interest in the matter litigated. A person has been said to have a disqualifying interest within the meaning of this rule, where he will be bound by any judgment which may be rendered under the pleadings."

In that case the testimony of a witness concerning a transaction with the decedent was held to have been properly excluded, even though he was not a party to the suit, because he was a devisee who was directly interested in the matter being litigated, citing Simpson v. Brotherton, 62 Tex. 170:

" 'So the object of the act, excluding parties from testifying as to transactions with deceased persons, would be defeated by allowing one to testify to such transactions who was as fully interested in the result of the suit as any of the persons named as parties upon the record.' "

In our case Mrs. Winslow's testimony was properly excluded under the Dead Man's Statute because she would inherit from her deceased sister by the laws of descent and distribution if the will should be set aside. Johnson v. Poe, 210 S.W.2d 264 (Tex.Civ.App.1948, writ ref. n. r. e.).

Appellant also argues under this point that appellee had waived any objection concerning any conversation between Mrs. Winslow and the decedent by submitting and filing interrogatories directed to Mrs. Denbo concerning conversations between Mrs. Denbo and the decedent.

It was held in Burris v. Levy, 302 S.W.2d 171 (Tex.Civ.App.1957, writ ref. n. r. e.), that if a party calls upon his adversary to make admissions under Rule 169, which admissions relate to statements by or transactions with the deceased, otherwise barred by the provisions of Art. 3716, he has called such adverse party to testify concerning such transactions or statements and cannot thereafter object to further testimony *by such party* under the bar set forth in the Dead Man's Statute; developing a matter within the bar of the statute by deposition serves to waive the bar and obtaining of such matter by means of Rule 169 has the same effect. (emphasis added) The well-settled rule based on the taking of a party's deposition was thus applied to admissions under Rule 169; we perceive no basis for holding that it does not apply to interrogatories made under Rule 168.

However, the express waiver provision in Art. 3716 is that ". . . neither party· shall be allowed to testify

against the others as to any transaction with, or statement by, the testator . . . unless called to testify thereto by the opposite party: . . ." The record does not show that Mrs. Winslow was called by the proponent to testify in person, by deposition or by interrogatories. The fact that a party questions one adverse party regarding a transaction and thereby waives the statute as to such witness, does not constitute a waiver of the statute as to other adverse parties who are not so examined. Associate Justice Ruel Walker, The Dead Man's Statute, 27 Tex.Bar.Journal 315, citing Jackson v. Mumford's executor, 74 Tex. 104, 11 S.W. 1061 (1889).

■ Appellant's second point is that the trial court committed fundamental error by wrongfully placing the burden of proof on her. The appellant's complaint under this point is that the district judge required her to commence the presentation of evidence at the beginning of the trial instead of requiring the proponent to do so. The record reflects that she was the first to offer evidence, but it does not show that she objected or that she was not willing to go first, so the point was waived.

■ We believe that she is correct in saying that the proponent should have been the one to commence the presentation of evidence in the case, but the fact that the contestant did so does not constitute fundamental error. Procedural errors not adversely affecting the interest of the public generally and those made in cases where the record shows that the court had jurisdiction of the subject matter are not held to constitute fundamental error. See Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947) and 3 Tex.Jur.2d Rev. 430–431, Appeal and Error—Civil Cases § 102.

Appellant's fifth point of error is that the district judge erred in overruling her motion for an instructed verdict because the proponent did not introduce into evidence 1) the application to probate the decedent's will, 2) proof that she had died, 3) the affidavits of the witnesses to the execution of the will and 4) the County Court's decree admitting the will to probate.

The motion for instructed verdict was filed after both sides had rested. The record shows that only the first of these four items was not introduced in evidence. The fourth item, the county court decree admitting the will to probate was introduced by the appellant.

The appellant was not entitled to an instructed verdict in the district court by reason of the proponent's failure to introduce in evidence his application from the county court to have the will admitted to probate.

■ The contestant was the appellant in the district court, as she is here, so she had the burden of complying with Rule 336, Texas Rules of Civil Procedure, by filing with the district clerk a true copy of the necessary proceedings from the county court. The record on appeal was before the district judge, and the proponent was not obliged to introduce in evidence a copy of his application to probate the will.

■ The jurisdiction of the district court, after the appeal, was appellate only and was confined to a trial of the issues made in the probate court. Marshall v. E. R. Hobert's Estate, 315 S.W.2d 604 (Tex. Civ.App.1958, writ ref.). We have noted that appellant's petition filed in the county court raised only the issues of testamentary capacity and undue influence, and she does not contend that she raised any other issues in that court.

In point of error number 3 the appellant says that the trial court erred in refusing to explain to the jury the reason why her brothers and sisters (whose appeal to the district court had been dismissed for failure to file an appeal bond) did not join as contestants in the case. Appellant refers

to Rule 182–a, and argues that the same reasoning should apply to this circumstance. Rule 182–a provides:

"Subject to appellate review for an abuse of discretion, the trial court shall in a proper case, where Article 3716 prohibits an interested party or witness from testifying, instruct the jury that such person is not permitted by the law to give evidence relating to any transaction or conversation with, or statement by, a deceased person, unless he is called to testify thereto by the opposite party."

Rule. 182–a was designed to minimize the undesirable effects of Article 3716 and decisions which had held that it was reversible error for the trial judge, counsel or witnesses to explain the inhibitions of the statute to the jury. See General Commentary, Rule 182–a, Vernon's Annotated Texas Rules of Civil Procedure. We think the reasoning on which Rule 182–a is based does not apply here. An explanation of the failure of the contestant's brothers and sisters to join her in the suit in the district court would not involve the danger of causing reversible error. We hold that the trial court did not err in refusing to give the instruction. In any event, such instruction was not submitted in writing as required by Rule 279, so had there been error, it was waived. State v. Harrington, 407 S.W.2d 467 (Tex.1966).

Appellant's fourth point complains that the trial court should have granted her motion for mistrial because of certain improper jury argument made by counsel for the proponent. The record does not contain the arguments made to the jury, so nothing is preserved for appellate review on this point.

Having overruled all of the appellant's points of error, we do not reach the appellee's counter-points.

Affirmed.