Walter H. RANKIN et al., Appellants,

v.

Ray CARPENTER d/b/a Able Demolish-
ing Company, Appellee.

No. 1135.

Court of Civil Appeals of Texas,
Tyler.

June 22, 1978.

Rehearing Denied July 20, 1978.

Charles G. Lowry, Lowry, Pruett & McCarty, Houston, Billy E. Lee, Asst. County Atty., Houston, for appellants.

Nick Kelsey, Houston, for appellee.

MOORE, Justice.

This is an appeal from a judgment setting aside an execution sale. Plaintiff, Ray Carpenter, instituted suit to set aside the sale of a Caterpillar front-end loader sold under an execution sale by defendant, Walter H. Rankin, Constable of Precinct 1 of Harris County, Texas. Also named in the suit as defendants were David Cahoon, the purchaser at the execution sale and L. G. Cahoon, a subsequent purchaser from David Cahoon. Plaintiff alleged that the sale was void because of certain irregularities in connection with the posting of notice of the sale as a result of which the machine was

sold at a grossly inadequate price. Each of the defendants answered with a general denial. Defendants, David Cahoon and L. G. Cahoon, prayed that in the event the sale be set aside they be awarded reimbursement for the funds expended by them in repairing the machine after having purchased same. Trial was before the court, sitting without a jury, at the conclusion of which the trial court rendered judgment in favor of the plaintiff setting aside the sale and ordering that the machine be resold at another execution sale. The court further ordered that out of the proceeds of the subsequent sale defendant, David Cahoon, was to receive the sum of $631.77. From this judgment and ruling the defendants perfected this appeal.

We affirm.

Appellant Rankin, in a separate brief, seeks a reversal on the ground that the 125th District Court of Harris County had no jurisdiction to set aside the execution sale issuing out of a judgment rendered by the 157th District Court of that county.

The record shows that the execution was issued on the basis of a judgment entered by the 157th District Court of Harris County on August 29, 1974, in a suit styled *Jerry Don Evrage v. Ray Carpenter.* Pursuant to a writ of execution issued out of that court, Constable Rankin levied on the machine in question on February 12, 1976, and sold the same at an execution sale on February 24, 1976, to appellant, David Cahoon. Shortly thereafter, appellee Carpenter filed suit to set aside the sale and ancillary thereto sought an injunction pendente lite to prevent appellant, David Cahoon, from removing, operating and selling the machine. The case was assigned to the 133rd District Court of Harris County where an order was entered granting Carpenter's application for a temporary injunction. The case eventually found its way to the 125th District Court of Harris County where judgment was entered setting aside the execution sale. The judgment recites that all parties appeared and participated in the trial.

■ Appellant Rankin, in his first point of error, contends that the 125th Dis-

trict Court lacked jurisdiction to set aside the execution sale ordered by the 157th District Court in the original 1974 judgment.

An action in equity to set aside an execution sale must be brought in the court out of which the writ issued. *Ross v. Brown,* 491 S.W.2d 690 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *Bender v. Damon,* 72 Tex. 92, 9 S.W. 747 (1888). Once jurisdiction has attached in the proper court, however, the cause may be transferred to another court for trial. *Outlaw v. Noland,* 506 S.W.2d 734 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ history); *Boyles v. Cohen,* 230 S.W.2d 604 (Tex.Civ.App.—Galveston 1950, writ ref'd n. r. e.). The District Courts of Harris County have concurrent jurisdiction in all civil cases. Tex.Rev.Civ. Stat.Ann. art. 199 (11th Dist.). The judges are authorized to exchange benches and any one of them may in his own courtroom try and determine any civil case or proceeding pending in another court without having the case transferred. Rule 330, Tex.R. Civ.P.

The record reflects that the present suit to set aside the execution sale was initially filed in the 157th District Court, the court which rendered the original judgment ordering the sale. Therefore, jurisdiction attached in the proper court. The record further reflects that on March 24, 1976, the 157th District Court issued an order setting a hearing on the temporary injunction facet of the cause for trial in the 133rd District Court. Though there is no evidence in the record that the cause was subsequently transferred to the 125th District Court, it must be presumed that the officials in charge of transferring cases in Harris County properly performed their duties and transferred the cause to such court. Thus, there is no merit to appellant's contention that the 125th District Court lacked jurisdiction to hear the cause.

■ In any event, procedural errors not adversely affecting the interest of the public generally and those made in cases where the record shows that the court had juris-

diction of the subject matter are not held to constitute fundamental error. 3 Tex.Jur.2d Appeal & Error—Civil Cases sec. 102; *Denbo v. Butler*, 523 S.W.2d 458 (Tex.Civ.App. —Houston [1st Dist.] 1975, no writ history).

 It cannot be successfully argued that the 125th District Court was without power to act on the subject matter of this suit, nor can it be successfully argued that the subject matter of the suit affects the public generally. Thus, the error complained of cannot be classified as a fundamental error. Had appellant desired to challenge the jurisdiction of the court, he should have made a motion to that effect and obtained a ruling thereon. In the absence of any complaint in the trial court, appellant will not be heard to complain for the first time on appeal. Rankin's first point is overruled.

 Next, appellant Rankin seeks a reversal on the ground that the appellee, Carpenter, failed to pay into the registry of the court the amount due and owing on the judgment made the basis of the execution sale. Appellant takes the position that the deposit was a prerequisite to the relief sought and in the absence of such tender the trial court erred in setting aside the sale. The law is that where a sale is set aside due to a grossly inadequate price coupled with irregularities which contributed to the inadequate price, the debtor is not required to tender or pay the amount due and owing on the judgment as a prerequisite to the relief sought. *Guy v. Edmundson*, 135 S.W. 615, 619 (Tex.Civ.App.1911, writ ref.). As hereinafter explained, we have concluded that the sale in question should be set aside due to a grossly inadequate price coupled with irregularities which contributed to the inadequate price. Therefore, appellee Carpenter was under no duty to tender the amount due and owing on the judgment as a prerequisite to obtaining the relief sought. The point is overruled.

Before discussing the merits of the points of error brought forward by appellants, David Cahoon and L. G. Cahoon, we deem it appropriate to quote the findings of fact and conclusions of law filed by the trial judge, which are as follows:

"FINDINGS OF FACT: (I) David Cahoon hauled the tractor, a 955K Caterpillar front end loader, from the place of levy to the place of storage, a fenced lot in his control, pending the sale. Although notice of the sale was sent to him by members of Constable Rankin's office for posting prior to the auction of the tractor, he wholly failed to do so. Notice was never posted at the place of sale by anyone in a conspicuous manner so as to give public notice of the sale. (II) On February 24, 1976, deputy Frank Davis of Constable Rankin's office conducted an auction at which David Cahoon was the only bidder. He bid and subsequently paid the sum of $500.00 for the 955 K Caterpillar front end loader owned by Ray Carpenter. (III) At the time of the levy, the 955 K Caterpillar front end loader owned by Ray Carpenter had the value of $15,000.00.

"CONCLUSIONS OF LAW: (I) The purchase at auction of the 955 K Caterpillar front end loader for $500.00 by David Cahoon was the payment of a grossly inadequate price. (II) David Cahoon as the person who stored the 955 K and who received notice of the time and place of sale, had special knowledge of the condition of the tractor and of the facts relating to the sale. Coupled with the fact of his failure to post notice of the sale in accordance with Rule 650, Texas Rules of Civil Procedure and his participation in the bidding at the sale, an irregularity occurred in the conduct of the sale. (III) Notice not having been properly posted in accordance with Rule 650, Texas Rules of Civil Procedure by any other person at the place of the sale, an irregularity occurred. (IV) Coupled with the grossly inadequate price for which the 955 K tractor was sold, the irregularities require that the sale be set aside."

Appellants, David Cahoon and L. G. Cahoon, seek a reversal through six points of error. By points one through five appellants contend that there is no evidence to support the court's finding that notice was not posted at the place of sale, and further that there is no evidence to support the court's finding that the $500 paid by David Cahoon at the execution sale was grossly inadequate.

Rule 650, Tex.R.Civ.P., provides as follows:

"Previous notice of the time and place of the sale of any personal property levied on under execution shall be given by posting notice thereof for ten days successively immediately prior to the day of sale at the courthouse door of any county and at the place where the sale is to be made."

■ An execution sale will be set aside upon proof that it was made for a grossly inadequate price and was accompanied by irregularities which tended to contribute to the inadequacy of price. 24 Tex.Jur.2d Executions secs. 137–38, pp. 608–10 and cases there cited; *Rio Delta Land Company v. Johnson*, 475 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Collum v. DeLoughter*, 535 S.W.2d 390 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.).

■ In considering appellants' "no evidence" points, we are required to review the evidence in its most favorable light in support of the court's findings, considering only the evidence and inferences which support the court's findings and rejecting the evidence and inferences contrary to that finding. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974).

■ When viewed in a light most favorable to the judgment, we think there is evidence of sufficient probative force to support the finding that notice of the sale was not properly posted at the place where the sale was to be made. The record shows that the constable levied on the machine on February 12, 1976. Immediately thereafter he employed appellant, David Cahoon, to take possession of the machine and remove it to his place of business and to hold the same until the date of the sale. Cahoon took the machine and moved it to his premises situated at 206 W. Tidwell Street in Houston. While the front portion of his premises was situated on Tidwell Street and was unfenced, the rear portion thereof was under fence. He placed the machine on the fenced portion of his lot at a point more than 100 feet from Tidwell Street.

Janet Pantel, who was the secretary in Constable Rankin's office, testified that she handled the notices of sale and that she was the only employee in the office charged with that responsibility. She testified that, as a normal procedure, she sent a notice of sale to the person who was holding the property on behalf of the Constable, and that the purpose in sending the notice to the person in possession of the property was so that person could post the notice at the place where the sale was to be made. Deputy Constable Kendricks testified that the details of handling the notices of sales were left to the secretary. Ms. Pantel testified that she sent the notice of sale in this instance to David Cahoon, the party who was holding the machine for the Constable. David Cahoon testified that he received the notice and placed the same in his desk drawer and did not post it. He further testified that he never saw a notice of sale posted on the machine or anywhere else around his place of business prior to the time of the sale. Appellant, L. G. Cahoon, testified that he saw a piece of paper on the machine in question but never read it. Deputy Constable Davis testified that at the time of the sale he found a notice of sale posted on the machine and checked the number thereon to make sure it corresponded with his records. He acknowledged that the notice of sale could not be seen and read by a person on Tidwell Street. No witness testified as to having posted the notice on the machine and no witness testified as to having seen anyone post a notice on the machine. The sale was conducted by Deputy Constable Davis on February 24, 1976, and the machine was purchased by David Cahoon, the only bidder, for the sum of

$500.00. At most, the evidence as to whether a notice of sale was ever properly posted at the place where the sale was to be made is conflicting.

■■■■■ Where a case is submitted to the court without a jury, the trial judge acts as the trier of the facts and stands in the same position as the jury, being the sole judge of the credibility of the witnesses and the weight to be given their testimony. Where the findings made by the court are supported by any evidence of probative force, they must be sustained on appeal. *McWhorter v. City of Winnsboro*, 525 S.W.2d 701 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice sec. 16.10(b), p. 29 (1971). There being some evidence of probative force to sustain the trial court's finding that the notice had not been properly posted, such finding may not be disturbed on appeal.

We are likewise of the opinion that there is ample evidence of probative force to support the trial court's finding that the sale was made for a grossly inadequate price. The evidence shows that the appellee, Carpenter, purchased the machine in question on January 5, 1973, for the sum of $20,-303.00. At the time of the levy he was using the machine in his business. According to testimony of the expert witnesses called by the appellee, the machine had a value of between $15,000 and $19,000 at the time of the sale. Appellants adduced testimony showing that it had a value of between $2,000 and $4,000.

■■■■■ Where the evidence, as here, is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, the judgment will not be disturbed on appeal. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953). There being ample evidence that the sum of $500 was a grossly inadequate price, the finding of the trial court must be sustained.

■■■■■ It must be presumed, in support of the judgment, that the irregularities found by the court were calculated to and did contribute to the inadequacy of the price

received at the sale. *McLean v. Stith*, 50 Tex.Civ.App. 323, 112 S.W. 355, 363 (1908, writ ref'd); *Prudential Corp. v. Bazaman*, 512 S.W.2d 85, 90 (Tex.Civ.App.—Corpus Christi 1974, no writ history); *Collum v. DeLoughter*, supra at 393; Rule 299, Tex.R. Civ.P. In our view the judgment vacating the sale is supported by the evidence and therefore points one through five are overruled.

Under the sixth point, appellant, David Cahoon, contends that the court erred in limiting a judgment for restitution in his favor to the sum of only $631.77, because the undisputed testimony shows that, in addition to the $500 which he paid for the machine at the execution sale, he expended $3,897.88 for parts and $1,300 for labor in repairing the machine.

■■■■■ Other than for the finding that David Cahoon purchased the machine at the execution sale for the sum of $500, the findings of fact do not mention or allude to appellant's claim for restitution. There are no findings showing that appellant made any repairs on the machine nor that he was entitled to restitution in any amount. While he requested findings of fact and conclusions of law he made no request for any additional findings with regard to his claim for restitution for making repairs. His failure to request additional findings with regard to his claim for repairs effects a waiver of such ground of recovery, no element of which had been found by the court. Rule 299, Tex.R.Civ.P.; *McKenzie v. Carte*, 385 S.W.2d 520, 529 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *Jack Ritter Inc. Oil Company v. Fred Bandas & Sons, Inc.*, 387 S.W.2d 70 (Tex.Civ. App.—Austin 1965, no writ history); 4 McDonald, Texas Civil Practice sec. 16.09. Rule 299 specifically provides that the judgment may not be supported on appeal by a presumption of finding upon any ground of recovery, no element of which has been found by the trial court. Not having requested or obtained any findings to support his claim for reimbursement for repairs, appellant is in no position to complain of the judgment.

Apparently, the trial court awarded appellant the sum of $500 as restitution for the amount expended by him in purchasing the machine at the execution sale, and awarded him the remaining $131.77 for repairs. Since appellee has not challenged the judgment and confesses in his brief that "the court ruled correctly in awarding to David Cahoon $631.77," the judgment awarding appellant restitution for such amount will not be disturbed.

The judgment of the trial court is affirmed.